DOGWOOD DEVELOPMENT AND MANAGEMENT COMPANY, LLC v. WHITE OAK TRANSPORT COMPANY, INC.

No. 303A07

(Filed 7 March 2008)

**1. Appeal and Error— appellate rules—default**

The occurrence of default under the appellate rules arises primarily from the existence of a waiver occurring in the trial court, defects in appellate jurisdiction, and violation of nonjurisdictional requirements.

**2. Appeal and Error— preservation of issues—raising in trial court**

The requirement that litigants raise an issue in the trial court before presenting it on appeal plays an integral role in preserving the efficacy and integrity of the appellate process. However, the imperative to correct fundamental error may necessitate appellate review of the merits despite the occurrence of default.

**3. Appeal and Error— jurisdictional default—Rule 2 not applicable**

A jurisdictional default precludes the appellate court from acting in any manner other than to dismiss the appeal. In the absence of jurisdiction, the appellate courts lack authority to consider application of Rule 2.

**4. Appeal and Error— appellate rules—nonjurisdictional violations—sanctions**

The nonjurisdictional requirements prescribed by the appellate rules are designed to keep the appellate process orderly. Failure to comply with these requirements should not normally lead to dismissal. In the event of substantial or gross violations, the party responsible opens the door to appropriate remedial measures under Appellate Rules 25 and 34, but the court should impose a sanction other than dismissal in most instances. If the degree of noncompliance warrants dismissal, the court may consider invoking Rule 2 to reach the merits.

**5. Appeal and Error— violations of appellate rules—dismissal inappropriate—other sanctions not considered**

An appeal was remanded to the Court of Appeals to consider whether a sanction other than dismissal is appropriate for appellate rules violations.

Appeal pursuant to N.C.G.S. § 7A-30(2) from the decision of a divided panel of the Court of Appeals, 183 N.C. App. 389, 645 S.E.2d 212 (2007), dismissing defendant's appeal from a judgment and order entered 3 January 2006 and an order entered 2 March 2006, both by Judge Howard R. Greeson, Jr. in Superior Court, Forsyth County. Heard in the Supreme Court 13 November 2007.

*Carruthers & Bailey, P.A., by J. Dennis Bailey, for plaintiff-appellee.*

*Parrish Smith & Ramsey, LLP, by Steven D. Smith; and Smith Moore, LLP, by J. Donald Cowan, Jr., for defendant-appellant.*

**DOGWOOD DEV. & MGMT. CO., LLC v. WHITE OAK TRANSP. CO.**

[362 N.C. 191 (2008)]

MARTIN, Justice.

The Court of Appeals dismissed defendant White Oak Transport Company, Inc.'s appeal for violations of the North Carolina Rules of Appellate Procedure ("appellate rules" or "rules"). We reverse and remand with instructions, and clarify the manner in which the appellate courts should address violations of the appellate rules.

On 29 April 2004, plaintiff Dogwood Development and Management Company, LLC brought a breach of contract action against defendant in connection with defendant's waste hauling business. At trial, a jury found plaintiff and defendant entered into a contract, defendant breached the contract, and plaintiff was entitled to recover $155,365.00 in damages from defendant. The trial court entered judgment in favor of plaintiff on 3 January 2006. Ten days later, defendant moved for judgment notwithstanding the verdict and for a new trial, both of which the trial court denied on 2 March 2006. On 10 March 2006, defendant filed its notice of appeal from both the judgment and the order denying its post-trial motions. On 20 December 2006, plaintiff filed a motion to dismiss defendant's appeal for failure to comply with the appellate rules. Defendant did not respond.

On 5 June 2007, the Court of Appeals, in a divided opinion, dismissed defendant's appeal for violations of Rules 10(c)(1), 28(b)(4), and 28(b)(6). *Dogwood Dev. & Mgmt. Co. v. White Oak Transp. Co.*, 183 N.C. App. ——, ——, 645 S.E.2d 212, 217 (2007). The dissenting judge would have imposed monetary sanctions under Rules 25(b) and 34(b) and addressed the merits of the appeal. *Id.* at ——, 645 S.E.2d at 219 (Hunter, J., dissenting). Defendant appealed to this Court on the basis of the dissenting opinion.

At the outset we observe that "rules of procedure are necessary . . . in order to enable the courts properly to discharge their dut[y]" of resolving disputes. *Pruitt v. Wood*, 199 N.C. 788, 790, 156 S.E. 126, 127 (1930). It necessarily follows that failure of the parties to comply with the rules, and failure of the appellate courts to demand compliance therewith, may impede the administration of justice. As this Court explained long ago:

Procedure is essential . . . to the application of principle in courts of justice, and it cannot be dispensed with. It is dangerous to ignore or disregard it. . . . [To do so] is not only discreditable to the administration of public justice, but it leads eventually to

confusion and wrong, and leaves the rights and estates of many people in a more or less perilous condition.

*Spence v. Tapscott*, 92 N.C. 576, 578 (1885). Compliance with the rules, therefore, is mandatory. *State v. Hart*, 361 N.C. 309, 311, 644 S.E.2d 201, 202 (2007); *Reep v. Beck*, 360 N.C. 34, 38, 619 S.E.2d 497, 500 (2005); *Viar v. N.C. Dep't of Transp.*, 359 N.C. 400, 401, 610 S.E.2d 360, 360 (2005) (per curiam); *Steingress v. Steingress*, 350 N.C. 64, 65, 511 S.E.2d 298, 299 (1999); *Craver v. Craver*, 298 N.C. 231, 236, 258 S.E.2d 357, 361 (1979); *Pruitt*, 199 N.C. at 789, 156 S.E. at 127. As a natural corollary, parties who default under the rules ordinarily forfeit their right to review on the merits. *See Viar*, 359 N.C. at 401, 610 S.E.2d at 360 (" '[F]ailure to follow [the] rules will subject an appeal to dismissal.' " (quoting *Steingress*, 350 N.C. at 65, 511 S.E.2d at 299)).

But "[r]ules of practice and procedure are devised to promote the ends of justice, not to defeat them." *Hormel v. Helvering*, 312 U.S. 552, 557 (1941). We have therefore emphasized that noncompliance with the appellate rules does not, ipso facto, mandate dismissal of an appeal. *See Hart*, 361 N.C. at 311, 644 S.E.2d at 202 ("[E]very violation of the rules does not require dismissal of the appeal or the issue . . . ."). Whether and how a court may excuse noncompliance with the rules depends on the nature of the default.

**[1]** Our cases indicate that the occurrence of default under the appellate rules arises primarily from the existence of one or more of the following circumstances: (1) waiver occurring in the trial court; (2) defects in appellate jurisdiction; and (3) violation of nonjurisdictional requirements. In the instant case, defendant's noncompliance fell within the third category, violation of nonjurisdictional requirements of the appellate rules. Nevertheless, to provide further guidance, we briefly discuss all three principal categories of default.[1]

**[2]** The first major category of default, known as the waiver rule, arises out of a party's failure to properly preserve an issue for

---

1. The genesis of much of the present confusion surrounding the operation of our appellate rules originated in *Viar*, 359 N.C. 400, 610 S.E.2d 360, a decision susceptible to several reasonable interpretations. *Compare Caldwell v. Branch*, 181 N.C. App. 107, 110-11, 638 S.E.2d 552, 555 (citing *Viar* to support imposition of monetary sanctions, rather than dismissal, when appellant failed to brief standard of review as required by Rule 28(b)(6)), *disc. rev. denied*, 361 N.C. 690, 654 S.E.2d 248 (2007), *with State v. Summers*, 177 N.C. App. 691, 700, 629 S.E.2d 902, 908-09 (citing *Viar* to support dismissal of issue when appellant failed to brief standard of review as required by Rule 28(b)(6)), *appeal dismissed and disc. rev. denied*, 360 N.C. 653, 637 S.E.2d 192 (2006).

appellate review. Rule 10(b)(1) provides that "[i]n order to preserve a question for appellate review, a party must have presented to the trial court a timely request, objection or motion, stating the specific grounds for the ruling the party desired the court to make." N.C. R. App. P. 10(b)(1). Rules 10(b)(2) and 10(b)(3) give specific instructions for preserving questions involving erroneous jury instructions and sufficiency of the evidence, respectively. N.C. R. App. P. 10(b)(2), (3).

The requirement expressed in Rule 10(b) that litigants raise an issue in the trial court before presenting it on appeal goes "to the heart of the common law tradition and [our] adversary system." *Pfeifer v. Jones & Laughlin Steel Corp.*, 678 F.2d 453, 457 n.1 (3d Cir. 1982), *vacated and remanded on other grounds*, 462 U.S. 523 (1983). This Court has repeatedly emphasized that Rule 10(b) "prevent[s] unnecessary new trials caused by errors . . . that the [trial] court could have corrected if brought to its attention at the proper time." *Wall v. Stout*, 310 N.C. 184, 188-89, 311 S.E.2d 571, 574 (1984). *See also State v. Oliver*, 309 N.C. 326, 334, 307 S.E.2d 304, 311 (1983) (stating that "Rule 10 functions as an important vehicle to insure that errors are not 'built into' the record, thereby causing unnecessary appellate review"); *State v. Odom*, 307 N.C. 655, 660, 300 S.E.2d 375, 378 (1983) (stating that "[t]he purpose of Rule 10(b)(2) is to encourage the parties to inform the trial court of errors in its instructions so that it can correct the instructions and cure any potential errors before the jury deliberates on the case and thereby eliminate the need for a new trial"). Rule 10(b) thus plays an integral role in preserving the efficacy and integrity of the appellate process.

We have stressed that Rule 10(b)(1) "is not simply a technical rule of procedure" but shelters the trial judge from "an undue if not impossible burden." *State v. Black*, 308 N.C. 736, 740, 303 S.E.2d 804, 806 (1983); *see also* N.C. R. App. P. 10 drafting comm. comment., para. 2, *reprinted in* 287 N.C. 698, 700-01 (1975) [hereinafter Commentary] ("[N]o . . . error ought be the subject of appellate review unless it has been first suggested to the trial judge in time for [the judge] to avoid it or to correct it, or unless it is of such a fundamental nature that no such prior suggestion should be required of counsel."). *See generally* 1 Kenneth S. Broun, *Brandis & Broun on North Carolina Evidence* § 19, at 76-87 (6th ed. 2004) [hereinafter Broun].

In light of the practical considerations promoted by the waiver rule, a party's failure to properly preserve an issue for appellate

**DOGWOOD DEV. & MGMT. CO., LLC v. WHITE OAK TRANSP. CO.**

[362 N.C. 191 (2008)]

review ordinarily justifies the appellate court's refusal to consider the issue on appeal. *See, e.g., State v. Campbell,* 359 N.C. 644, 669, 617 S.E.2d 1, 17 (2005) (refusing to review admissibility of evidence on appeal when defendant did not object at trial as required by Rule 10(b)(1)), *cert. denied,* 547 U.S. 1073 (2006); *State v. Eason,* 328 N.C. 409, 420, 402 S.E.2d 809, 814 (1991) (same); *see also State v. Truesdale,* 340 N.C. 229, 232, 456 S.E.2d 299, 301 (1995) (refusing to review propriety of jury instructions when defendant did not object at trial to portion of instruction complained of on appeal as required by Rule 10(b)(2)); *Penley v. Penley,* 314 N.C. 1, 26-27, 332 S.E.2d 51, 66 (1985) (same).

The imperative to correct fundamental error, however, may necessitate appellate review of the merits despite the occurrence of default. For instance, plain error review is available in criminal appeals, *Odom,* 307 N.C. at 660, 300 S.E.2d at 378, for challenges to jury instructions and evidentiary issues, *State v. Cummings,* 352 N.C. 600, 613, 536 S.E.2d 36, 47 (2000), *cert. denied,* 532 U.S. 997 (2001). Our decisions have recognized plain error only "in truly exceptional cases" when "absent the error the jury probably would have reached a different verdict." *State v. Walker,* 316 N.C. 33, 39, 340 S.E.2d 80, 83 (1986) (observing that the heavy burden associated with plain error review is justified "because the defendant could have prevented any error by making a timely objection").

Aside from the possibility of plain error review in criminal appeals, Rule 2 permits the appellate courts to excuse a party's default in both civil and criminal appeals when necessary to "prevent manifest injustice to a party" or to "expedite decision in the public interest." N.C. R. App. P. 2. Rule 2, however, must be invoked "cautiously," and we reaffirm our prior cases as to the "exceptional circumstances" which allow the appellate courts to take this "extraordinary step."[2] *Hart,* 361 N.C. at 315-17, 644 S.E.2d at 205-06; *see also Steingress,* 350 N.C. at 66, 511 S.E.2d at 299-300 (observing that Rule 2 should only be invoked in "exceptional circumstances").

---

2. North Carolina law recognizes other exceptions to the waiver rule codified in Rule 10(b), including when the "trial court acts contrary to a statutory mandate." *State v. Jaynes,* 353 N.C. 534, 544-45, 549 S.E.2d 179, 189 (2001) (quoting *State v. Ashe,* 314 N.C. 28, 39, 331 S.E.2d 652, 659 (1985)), *cert. denied,* 535 U.S. 934 (2002). For a more comprehensive discussion of possible exceptions to the waiver rule and a critique of the *Ashe* exception, see Broun § 19, at 78 n.278 ("[I]t is wholly unrealistic to expect trial judges to be familiar with all of the proliferating statutory provisions making evidence inadmissible.").

**DOGWOOD DEV. & MGMT. CO., LLC v. WHITE OAK TRANSP. CO.**

[362 N.C. 191 (2008)]

**[3]** In addition to the waiver rule, a default precluding appellate review on the merits necessarily arises when the appealing party fails to complete all of the steps necessary to vest jurisdiction in the appellate court. It is axiomatic that courts of law must have their power properly invoked by an interested party. *See generally* John Chipman Gray, *The Nature and Sources of the Law* 114-15 (2d ed. 1938) ("The essence of a judge's office is . . . not to interfere voluntarily in affairs, [and] not to act *sua sponte*, but is to determine cases which are presented to him."). Because "there must be a mode or method of calling the powers of a court into exercise, . . . rules of practice are prescribed by the laws of every state." Timothy Brown, *Commentaries on the Jurisdiction of Courts* § 3, at 8 (1891). The appellant's compliance with the jurisdictional rules governing the taking of an appeal is the linchpin that connects the appellate division with the trial division and confers upon the appellate court the authority to act in a particular case.[3] *Moore v. Vanderburg*, 90 N.C. 10, 10 (1884) ("The appeal is the essential means by which this court gets jurisdiction of an action . . . . It is the appeal that puts this court in relation with the case in the court below . . . ."); *see Williams v. Williams*, 188 N.C. 728, 730, 125 S.E. 482, 483 (1924) (explaining that jurisdiction confers upon the court "the power to hear, determine, and pronounce judgment on the issues before [it]").

A jurisdictional default, therefore, precludes the appellate court from acting in any manner other than to dismiss the appeal. *See, e.g., Bailey v. State*, 353 N.C. 142, 156, 540 S.E.2d 313, 322 (2000) ("In order to confer jurisdiction on the state's appellate courts, appellants of lower court orders must comply with the requirements of Rule 3 . . . . The provisions of Rule 3 are jurisdictional, and failure to follow the rule's prerequisites mandates dismissal of an appeal." (citations omitted)); *Crowell Constructors, Inc. v. State ex rel. Cobey*, 328 N.C. 563, 563-64, 402 S.E.2d 407, 408 (1991) (per curiam) (holding that because the record did not contain a notice of appeal in compliance with Rule 3, the Court of Appeals had no jurisdiction and the appeal must be dismissed); *In re Lynette H.*, 323 N.C. 598, 602, 374 S.E.2d 272, 274 (1988) (holding that the state's failure to give timely notice of appeal in compliance with Rule 3 resulted in a lack

---

3. We recognize that discretionary avenues of appellate jurisdiction exist in addition to those routes of mandatory review conferred by statute. *See* N.C. Const. art. IV, § 12, cl. 1; *In re Brownlee*, 301 N.C. 532, 547-48, 272 S.E.2d 861, 870 (1981); *see also* N.C. R. App. P. 21-24. Nonetheless, a discussion of the judiciary's inherent power to issue extraordinary and remedial writs, and this Court's general supervisory authority, is beyond the scope of this opinion.

DOGWOOD DEV. & MGMT. CO., LLC v. WHITE OAK TRANSP. CO.

[362 N.C. 191 (2008)]

of jurisdiction); *Booth v. Utica Mut. Ins. Co.*, 308 N.C. 187, 189, 301 S.E.2d 98, 99-100 (1983) (per curiam) ("Failure to give timely notice of appeal in compliance with . . . Rule 3 . . . is jurisdictional, and an untimely attempt to appeal must be dismissed." (citations omitted)); *see also State v. McCoy*, 171 N.C. App. 636, 638, 615 S.E.2d 319, 320 (stating correctly that "compliance with the requirements of Rule 4(a)(2) is jurisdictional and cannot simply be ignored by [the] Court" (citation omitted)), *appeal dismissed*, 360 N.C. 73, 622 S.E.2d 626 (2005). Stated differently, a jurisdictional default brings a purported appeal to an end before it ever begins.

Moreover, in the absence of jurisdiction, the appellate courts lack authority to consider whether the circumstances of a purported appeal justify application of Rule 2. *See Bailey*, 353 N.C. at 157, 540 S.E.2d at 323 ("[S]uspension of the appellate rules under Rule 2 is not permitted for jurisdictional concerns."). As the Commentary to Rule 2 provides, our appellate courts have authority to suspend the rules in exceptional situations " 'except as otherwise expressly provided by these rules.' " Commentary to N.C. R. App. P. 2, 287 N.C. at 680. The Commentary explains that this "refers to the provision in Rule 27(c) that the time limits for taking appeal . . . may not be extended by any court." *Id.* Accordingly, Rule 2 may not be used to reach the merits of an appeal in the event of a jurisdictional default. *E.g.*, *Bailey*, 353 N.C. at 157, 540 S.E.2d at 323.

[4] The final principal category of default involves a party's failure to comply with one or more of the nonjurisdictional requisites prescribed by the appellate rules. This comprehensive set of nonjurisdictional requirements is designed primarily to keep the appellate process "flowing in an orderly manner." *Craver*, 298 N.C. at 236, 258 S.E.2d at 361. Two examples of such rules are those at issue in the present case: Rule 10(c)(1), which directs the form of assignments of error, and Rule 28(b), which governs the content of the appellant's brief. Noncompliance with rules of this nature, while perhaps indicative of inartful appellate advocacy, does not ordinarily give rise to the harms associated with review of unpreserved issues or lack of jurisdiction. And, notably, the appellate court faced with a default of this nature possesses discretion in fashioning a remedy to encourage better compliance with the rules.

We stress that a party's failure to comply with nonjurisdictional rule requirements normally should not lead to dismissal of the appeal. *See, e.g.*, *Hicks v. Kenan*, 139 N.C. 337, 338, 51 S.E. 941, 941 (1905) (per curiam) (observing this Court's preference to hear merits

**DOGWOOD DEV. & MGMT. CO., LLC v. WHITE OAK TRANSP. CO.**

[362 N.C. 191 (2008)]

of the appeal rather than dismiss for noncompliance with the rules); 5 Am. Jur. 2d *Appellate Review* § 804, at 540 (2007) ("[I]t is preferred that an appellate court address the merits of an appeal whenever possible . . . . [A]n appellate court has a strong preference for deciding cases on their merits; and it is the task of an appellate court to resolve appeals on the merits if at all possible." (footnotes omitted)); Paul D. Carrington, Daniel J. Meador & Maurice Rosenberg, *Justice on Appeal* 2 (1976) ("[A]ppellate courts serve as the instrument of accountability for those who make the basic decisions in trial courts and administrative agencies.").

Rules 25 and 34, when viewed together, provide a framework for addressing violations of the nonjurisdictional requirements of the rules. Rule 25(b) states that "the appellate [court] may . . . impose a sanction . . . when the court determines that [a] party or attorney or both *substantially* failed to comply with these appellate rules. The court may impose sanctions of the type and in the manner prescribed by Rule 34 . . . ." N.C. R. App. P. 25(b) (emphasis added). Rule 34(a)(3) provides, among other things, that "the appellate [court] may . . . impose a sanction . . . when the court determines that . . . a petition, motion, brief, record, or other paper filed in the appeal . . . *grossly* violated appellate court rules." N.C. R. App. P. 34(a)(3) (emphasis added). Rule 34(b) enumerates as possible sanctions various types of monetary damages, dismissal, and "any other sanction deemed just and proper." N.C. R. App. P. 34(b).

Based on the language of Rules 25 and 34, the appellate court may not consider sanctions of any sort when a party's noncompliance with nonjurisdictional requirements of the rules does not rise to the level of a "substantial failure" or "gross violation." In such instances, the appellate court should simply perform its core function of reviewing the merits of the appeal to the extent possible.

In the event of substantial or gross violations of the nonjurisdictional provisions of the appellate rules, however, the party or lawyer responsible for such representational deficiencies opens the door to the appellate court's need to consider appropriate remedial measures. Rules 25 and 34 vest the appellate court with the authority to promote compliance with the appellate rules through the imposition of one or more enumerated sanctions.

The court's exercise of remedial discretion under Rules 25 and 34 entails a fact-specific inquiry into the particular circumstances of

each case, mindful of the principle that the appellate rules should be enforced as uniformly as possible. *See Hart*, 361 N.C. at 317, 644 S.E.2d at 206 ("[O]ur appellate courts must enforce the Rules of Appellate Procedure uniformly."); *Pruitt*, 199 N.C. at 790, 156 S.E. at 127 (observing that it is "necessary to . . . enforce [the appellate rules] uniformly"). Noncompliance with the rules falls along a continuum, and the sanction imposed should reflect the gravity of the violation. We clarify, however, that only in the most egregious instances of nonjurisdictional default will dismissal of the appeal be appropriate. *See Hart*, 361 N.C. at 311, 644 S.E.2d at 202 ("[E]very violation of the rules does not require dismissal of the appeal or the issue, although some other sanction may be appropriate, pursuant to Rule 25(b) or Rule 34 . . . ."). *Cf. Harris v. Maready*, 311 N.C. 536, 551, 319 S.E.2d 912, 922 (1984) (observing that dismissal for failure to comply with procedural rules is an "extreme sanction . . . to be applied only when . . . less drastic sanctions will not suffice"). In most situations when a party substantially or grossly violates nonjurisdictional requirements of the rules, the appellate court should impose a sanction other than dismissal and review the merits of the appeal. This systemic preference not only accords fundamental fairness to litigants but also serves to promote public confidence in the administration of justice in our appellate courts.

In determining whether a party's noncompliance with the appellate rules rises to the level of a substantial failure or gross violation, the court may consider, among other factors, whether and to what extent the noncompliance impairs the court's task of review and whether and to what extent review on the merits would frustrate the adversarial process. *See Hart*, 361 N.C. at 312, 644 S.E.2d at 203 (noting that dismissal may not be appropriate when a party's noncompliance does not " 'impede comprehension of the issues on appeal or frustrate the appellate process' " (citation omitted)); *Viar*, 359 N.C. at 402, 610 S.E.2d at 361 (discouraging the appellate courts from reviewing the merits of an appeal when doing so would leave the appellee "without notice of the basis upon which [the] appellate court might rule" (citation omitted)). The court may also consider the number of rules violated, although in certain instances noncompliance with a discrete requirement of the rules may constitute a default precluding substantive review. *See, e.g.*, N.C. R. App. P. 28(b)(6) ("Assignments of error not set out in the appellant's brief, or in support of which no reason or argument is stated or authority cited, will be taken as abandoned.").

**DOGWOOD DEV. & MGMT. CO., LLC v. WHITE OAK TRANSP. CO.**

[362 N.C. 191 (2008)]

If the court determines that the degree of a party's noncompliance with nonjurisdictional requirements warrants dismissal of the appeal under Rule 34(b), it may consider invoking Rule 2. In this situation, the appellate court may only review the merits on "rare occasions" and under "exceptional circumstances," *Hart*, 361 N.C. at 316, 644 S.E.2d at 205 (citations and internal quotation marks omitted), "[t]o prevent manifest injustice to a party, or to expedite decision in the public interest," N.C. R. App. P. 2. *See Steingress*, 350 N.C. at 66, 511 S.E.2d at 299-300 (explaining that Rule 2 should only be invoked under "exceptional circumstances").

To summarize, when a party fails to comply with one or more nonjurisdictional appellate rules, the court should first determine whether the noncompliance is substantial or gross under Rules 25 and 34. If it so concludes, it should then determine which, if any, sanction under Rule 34(b) should be imposed. Finally, if the court concludes that dismissal is the appropriate sanction, it may then consider whether the circumstances of the case justify invoking Rule 2 to reach the merits of the appeal.

**[5]** Having reviewed the general principles for addressing defaults under the appellate rules, we now turn to the violations at issue in the present case. Here, defendant's appeal suffered from the following violations of the appellate rules: (1) failure to provide record or transcript references with the assignments of error in violation of Rule 10(c)(1); (2) failure to reference the assignments of error pertinent to each question presented in violation of Rule 28(b)(6); (3) failure to state the grounds for appellate review in violation of Rule 28(b)(4); and (4) failure to state the applicable standard of review for each question presented in violation of Rule 28(b)(6). With regard to each violation, the Court of Appeals set forth the applicable appellate rule, stated that defendant failed to comply with the rule, and concluded that "[d]efendant's failure to [comply with the given rule] warrants dismissal of its appeal." *Dogwood Dev. & Mgmt.*, 183 N.C. App. at —, 645 S.E.2d at 214-16. The Court of Appeals did not, however, consider sanctions other than dismissal under Rules 25 and 34.

In failing to conduct any analysis under Rules 25 and 34 before dismissing the appeal, the Court of Appeals did not comply with our admonition in *Hart* to consider "whether other sanctions should be imposed pursuant to appellate Rule 25(b) or Rule 34." 361 N.C. at 317, 644 S.E.2d at 206. Accordingly, we remand to the Court of Appeals for consideration, consistent with this opinion, of whether the appellate

rules violations in this case implicate Rules 25 and 34, and if so, whether a sanction other than dismissal is appropriate.

REVERSED AND REMANDED.