STATE OF NORTH CAROLINA
v.
GARY SCOTT WOLFE
No. COA08-99
Court of Appeals of North Carolina
Filed November 18, 2008
This case not for publication
Attorney General Roy Cooper, by Assistant Attorney General Creecy C. Johnson and Assistant Attorney General M. Lynne Weaver, for the State.
Belser & Parke, P.A., by David G. Belser, for Defendant.
McGEE, Judge.
Gary Scott Wolfe (Defendant) was convicted of felony larceny, obtaining property by false pretenses, and of being an habitual felon on 31 May 2007. The trial court arrested judgment on the charge of obtaining property by false pretenses and sentenced Defendant to a term of 121 months to 155 months in prison on the charges of felony larceny and being an habitual felon.
At trial, Brian Heid (Heid) testified for the State that in August 2006 he was employed as a developmental club manager for Sam's Club (the store) in Asheville, North Carolina. Heid was working with an associate in the store's electronics department on the morning of 31 August 2006, moving security cameras to make space for new merchandise. Heid testified that the security cameras cost approximately $890.00 each. He also testified that there were five cases of security cameras for sale in the store on 31 August 2006, and that each case contained three or four cameras. Heid further testified that on 1 September 2006, he was again in the electronics department and noticed that almost all of the security cameras were missing. He testified that it was unusual for so many cameras to sell in one night, and that a manager would have had to initial the transaction for such a large sale. Heid stated he had not been called to the register to sign for a large sale of security cameras the night before, and that he notified the store's general manager, Wally Amerson (Amerson), that the cameras were missing. Heid testified that he and Amerson looked in the store's computer system to determine how many security cameras had sold the day before. The following exchange then occurred:
[HEID:] I said, "Did we sell a lot of security cameras last night?" That prompted me to go up front and basically pull it up on our computer system by the item number that it's assigned. And basically, it had "x" . . . quantity that was supposed to be still on hand. And I believe it was, I think, sixteen or fifteen. I couldn't tell you offhand, it's been so long.
[COUNSEL FOR DEFENDANT]: Objection, as to what he thinks, Your Honor.
THE COURT: Sustained.
Heid testified that after looking in the store's computer system, he walked through the store and looked for the security cameras. As he was walking through the store's furniture aisle, he found a bar stool and all its packaging materials on the floor, but there was no box. Heid testified that he and Amerson then checked the computer system to see if a bar stool had been sold on 31 August 2006, and that the computer system indicated one bar stool had been sold. At trial, Heid identified an archive report that listed: (1) the item number of the bar stool that was sold on 31 August 2006, (2) the date and time of the purchase, (3) the store member's name, and (4) the store member's membership number. Heid testified that the report included the item number, a description of the bar stool, the price of the bar stool, and the amount paid for the bar stool. The report showed that the bar stool cost $120.00, that it was paid for in cash, and that after the purchase, the buyer received $3.77 in change. Heid testified that the report showed that it was Defendant's membership account that was used to purchase the bar stool.
Amerson testified that when he and Heid looked in the store's computer system, it "basically showed no sales" of security cameras on 31 August 2006. Amerson reviewed the videotape from the surveillance camera in the store's electronics department on 1 September 2006. He viewed the videotape beginning with the morning of 31 August 2006, and fast-forwarded until he saw movement in the aisle of the store's electronics department in one frame of the videotape. Amerson testified that he saw three individuals in that frame of the videotape. Amerson identified Defendant as one of the three individuals. The store's surveillance videotape from 31 August 2006 was played for the jury while Amerson testified as to what was occurring on the videotape. The videotape showed three individuals gathering around security cameras. Amerson identified the store's exit door showing the same three individuals leaving through the exit door with a box that was not the size of the security camera boxes. Amerson also identified a receipt for a bar stool that was in Defendant's name and that listed Defendant's store membership number. Amerson testified that he also found the bar stool, along with its plastic and styrofoam, out in the middle of the floor. The following exchange next occurred:
[AMERSON:] When we found the bar stool I had our audit team that does our inventory, I called them over and asked them to do a count on the bar stools versus what the computer system showed.
[STATE:] As compared to what the computer system showed, what was the count of the bar stools in the store?
[COUNSEL FOR DEFENDANT:] Objection.
THE COURT: Overruled. Go ahead.
[AMERSON:] We were actually one over, counting the one that was out of the box.
Amerson's testimony indicated the store had one more bar stool in stock than the store's computer records indicated. Finally, Amerson testified that the bar stool found on the store's floor would have fit inside the box that the individuals on the videotape were shown carrying out of the store in a shopping cart.
Officer Russell Crisp (Officer Crisp) of the Asheville Police Department testified that he was dispatched to a larceny at the store on 1 September 2006. Officer Crisp testified that he met with Heid and Amerson and watched the videotape from the store's surveillance cameras. Officer Crisp testified that he recognized Defendant from the videotape. When Officer Crisp learned from Amerson that a bar stool had been purchased by Defendant on 31 August 2006, he searched police records for Defendant's name. This search revealed a photo of Defendant. At the close of the State's evidence, Defendant moved to dismiss the charges against him. The trial court denied Defendant's motion. Defendant presented no evidence at trial.
Defendant argues on appeal that: (1) the trial court erred in admitting hearsay testimony describing the contents of computer records, an archive report, and an audit; (2) the trial court erred by denying Defendant's motion to dismiss the charge of felony larceny for insufficient evidence; and (3) the trial court erred by denying Defendant's motion to dismiss the charge of obtaining property by false pretenses for insufficient evidence.

I.
In Defendant's first assignment of error, Defendant argues the trial court erred in admitting Heid's and Amerson's testimony describing the contents of computer records, an archive report, and an audit. The State contends that Defendant failed to state the particular grounds for his objection to Heid's and Amerson's testimony regarding the discrepancy between the contents of the store's inventory on 1 September 2006 and the physical inventory made by the store's audit team that same day. N.C.R. App. P. 10(b)(1) provides: "In order to preserve a question for appellate review, a party must have presented to the trial court a timely request, objection or motion, stating the specific grounds for the ruling the party desired the court to make if the specific grounds were not apparent from the context." In its recent holding in Dogwood Dev. & Mgmt. Co., LLC v. White Oak Transp. Co., 362 N.C. 191, 657 S.E.2d 361 (2008), the North Carolina Supreme Court stressed the importance of Rule 10(b) in that it "plays an integral role in preserving the efficacy and integrity of the appellate process." Id. at 195, 657 S.E.2d at 363. Our Supreme Court held that "a party's failure to properly preserve an issue for appellate review ordinarily justifies the appellate court's refusal to consider the issue on appeal." Id. at 195-96, 657 S.E.2d at 364. In the case before us, Defendant argues the trial court erred by admitting the testimony of Heid and Amerson because it was inadmissible hearsay in violation of N.C. Gen. Stat. § 8C-1, Rule 801(c), Rule 802, Rule 803(6), and Rule 1002. At trial, Defendant objected to Heid's testimony regarding the quantity of security cameras that was listed in the computer, but Defendant failed to state the particular grounds for his objection. When Heid testified that he thought the quantity of security cameras listed in the computer system was sixteen or seventeen, Defendant objected "as to what [Heid] thinks." Defendant's objection appears to be due to Heid's uncertainty, rather than Defendant's argument on appeal that this testimony is outside the business records exception to the hearsay rule and that it is barred by the best evidence rule. See N.C. Gen. Stat. § 8C-1, Rules 803(6), 1002 (2007).
Furthermore, Defendant did not object to Amerson's testimony that the store's computer system showed no sales of security cameras on the date in question. Defendant did object to Amerson's testimony as to the number of bar stools in the store's inventory compared to the number of bar stools in the store's computer system, but merely stated "[o]bjection" and did not state the specific grounds for his objection. Accordingly, we dismiss Defendant's first assignment of error on the grounds that it was not properly preserved for appellate review.

II.
In Defendant's second assignment of error, he argues the trial court erred in denying his motion to dismiss the charge of felony larceny because there was insufficient evidence to support this charge. We disagree.
In State v. Olson, 330 N.C. 557, 411 S.E.2d 592 (1992), the North Carolina Supreme Court set forth the general rules governing a motion to dismiss based on insufficiency of the evidence:
On a defendant's motion for dismissal, the trial court must determine only whether there is substantial evidence of each essential element of the offense charged and of the defendant being the perpetrator of the offense. What constitutes substantial evidence is a question of law for the court. To be "substantial," evidence must be existing and real, not just "seeming or imaginary." Substantial evidence is relevant evidence that a reasonable mind might accept as adequate to support a conclusion. In ruling on a motion to dismiss, the trial court must examine the evidence in the light most favorable to the State, and the State is entitled to every reasonable inference and intendment that can be drawn therefrom. Any contradictions or discrepancies in the evidence are for the jury to resolve and do not warrant dismissal.
Id. at 564, 411 S.E.2d at 595 (citations omitted).
"The essential elements of larceny are that the defendant: (1) took the property of another; (2) carried it away; (3) without the owner's consent; and (4) with the intent to deprive the owner of his property permanently." State v. Perry, 305 N.C. 225, 233, 287 S.E.2d 810, 815 (1982). "Larceny of goods of the value of more than one thousand dollars ($1,000) is a Class H felony." N.C. Gen. Stat. § 14-72(a) (2007). Defendant argues the evidence presented at trial was insufficient to prove Defendant took and carried away any property or that any property he allegedly took was worth more than $1,000.00.
Viewed in the light most favorable to the State, the evidence tended to show that on 31 August 2006, at approximately 2:04 p.m., the surveillance videotape from the store showed Defendant and two other individuals approaching the security cameras in the store's electronics department. The surveillance videotape also showed Defendant and the other two individuals leaving the store with a shopping cart containing a box that was large enough to hold a bar stool. The following day, Heid and Amerson noticed that the store's computer system showed only three or four security cameras left in the store's inventory even though there had been fifteen or twenty in stock the day before, and the computer system did not show that any had been sold. Heid and Amerson also found a bar stool sitting out in an aisle of the store, along with its packaging and styrofoam materials, but without its box. The store's computer records indicated the store had one less bar stoolin stock than what was actually held in inventory. Finally, the store's computer records showed a bar stool had been purchased by Defendant on 31 August 2006, at 2:16 p.m.
Viewed in the light most favorable to the State, this evidence is sufficient to support the conclusion that on the afternoon of 31 August 2006, Defendant went to the store, removed a bar stool and packaging materials from its box, filled that box with security cameras from the electronics department that were worth approximately $890.00 each, and then checked out of the store, paying $116.23, which was the cost of the bar stool. Thus, there was substantial evidence that Defendant (1) took the security cameras that were the property of the store; (2) carried the security cameras away from the store; (3) without the store's consent; and (4) with the intent to permanently deprive the store of the security cameras. See Perry, 305 N.C. at 233, 287 S.E.2d at 815. There is also substantial evidence that between eight and fifteen security cameras were stolen, valued at $890.00 each. Thus, there was substantial evidence presented at trial to support the charge of felony larceny. The trial court did not err in denying Defendant's motion to dismiss the charge of felony larceny.

III.
In Defendant's final assignment of error, he argues the trial court erred by denying his motion to dismiss the charge of obtaining property by false pretenses for insufficient evidence. We disagree.
In State v. Cronin, 299 N.C. 229, 262 S.E.2d 277 (1980), the North Carolina Supreme Court held that pursuant to N.C. Gen. Stat. § 14-100, the crime of obtaining property by false pretenses is "defined as follows: (1) a false representation of a subsisting fact or a future fulfillment or event, (2) which is calculated and intended to deceive, (3) which does in fact deceive, and (4) by which one person obtains or attempts to obtain value from another." Cronin at 242, 262 S.E.2d at 286.
As stated above, the evidence considered in the light most favorable to the State was sufficient to support the conclusion in the mind of a reasonable juror that Defendant: (1) falsely represented to the store that he was purchasing a bar stool when in fact the box he presented at the check-out register contained multiple security cameras, each worth far more than the bar stool; (2) intended to deceive the store in this transaction; (3) did in fact deceive the store; and (4) obtained value from the store by this deception. See id. Therefore, the trial court did not err in denying Defendant's motion to dismiss the charge of obtaining property by false pretenses.
No error.
Judges McCULLOUGH and STROUD concur.
Report per Rule 30(e).