STATE OF NORTH CAROLINA,
v.
MICHAEL FELTON HOSCH.
No. COA09-866.
Court of Appeals of North Carolina.
Filed March 2, 2010.
This case not for publication
Attorney General Roy Cooper, by Assistant Attorney General Terence D. Friedman, for the State.
Mercedes O. Chut for Defendant-Appellant.
McGEE, Judge.
Michael Felton Hosch (Defendant) was approached on 30 May 2006 by two women who worked on a contract basis for the Shelby Police Department. The two women made a deal with Defendant to purchase half a gram of cocaine from him for $50.00. One of the women was wearing audio/video equipment that recorded the transaction. Defendant was subsequently arrested and charged with possession with intent to sell and deliver cocaine, as well as selling and delivering cocaine. Defendant was tried on these charges 11-12 March 2009, and the jury found Defendant guilty on both charges. Defendant appeals.
In Defendant's sole argument, he contends that the trial court erred because "[n]o legal basis existed for the admission of hearsay testimony and exhibits" and "their admission violated the confrontation clause of the Sixth Amendment." We disagree.
Defendant's argument concerns the testimony of Special Agent Misty Icard (Agent Icard) of the North Carolina State Bureau of Investigation (S.B.I.). Agent Icard was allowed to testify, without objection, as an expert in the field of forensic chemistry. Agent Icard testified she reviewed the evidence envelope used to send the cocaine sample from the Shelby Police Department to the S.B.I. lab in Asheville, and the evidence envelope used to return the unused cocaine sample to the Shelby Police Department after analysis. Agent Icard testified that these evidence envelopes were the kind normally used when suspected contraband was sent to and from the S.B.I. lab for analysis. Agent Icard also explained the initials and other data contained on the envelopes, including the initials R. B., which belonged to Robert Briner (Briner), the chemist who analyzed the suspected contraband in this case. Agent Icard also examined a plastic bag containing the unused portion of the suspected contraband that was analyzed by the S.B.I. Agent Icard testified that the plastic bag
correlates with the same case number, W 2006 2554, initials R. B., 8-28-06 across the bottom. The information on the plastic bag are the agency, their case number is 06 64057. Suspect name, Michael Felton Hosch, Junior. Date of recovery is May the 30th, 2006 at 18[:]50. Who recovered it and the description and it tested positive and also, R. B. initials and 2554, which is the last four digits again.
Agent Icard further testified that the bag had been sealed and initialed by Briner, and that the seal remained unbroken.
Agent Icard next testified to the procedure followed by the S.B.I. upon receiving a substance for testing. She went step-by-step through the process of receiving the envelope containing the substance, removing the substance, weighing the substance, and the testing that was done and what it meant. She concluded by stating, "once . . . you're confident of what the substance is, you get a return weight and then you package everything up in reverse order, seal all the  anything you cut, you seal it back up with the tape, initials, case number, date, in just reverse order."
Agent Icard had reviewed Briner's notes and test results. She testified that the results of those tests and Briner's notes indicated that the substance was cocaine. She also testified that upon reviewing Briner's notes and test reports, she believed that the substance tested by Briner was cocaine. The State moved to admit the two envelopes and the plastic bag containing the cocaine  State's exhibits 1-3  into evidence. Defendant's counsel responded: "If I may OBJECT to the foundation, Your Honor." Defendant's objection was overruled. The State did not move to admit Briner's notes or test results into evidence.
The vast majority of Defendant's argument is dedicated to arguing that much of Agent Icard's testimony concerning Briner's notes and test results constituted impermissible hearsay, and that Defendant's Sixth Amendment right to confront witnesses against him was violated because Briner himself did not testify. However, Defendant did not object on these grounds at trial, and Defendant does not argue on appeal that the admission of this evidence at trial amounted to plain error. Defendant has therefore abandoned these arguments. N.C.R. App. P. 10(a)(1) ("In order to preserve a question for appellate review, a party must have presented to the trial court a timely request, objection or motion, stating the specific grounds for the ruling the party desired the court to make if the specific grounds were not apparent from the context."); State v. Braxton, 352 N.C. 158, 196, 531 S.E.2d 428, 450-51 (2000) ("By failing to properly preserve this issue, defendant is entitled to review only for plain error. However, defendant fails to argue plain error with respect to his remaining prison infractions, thereby waiving appellate review."). (Citation omitted.); State v. Muncy, 79 N.C. App. 356, 364, 339 S.E.2d 466, 471 (1986) ("It is well established that appellate courts will not ordinarily pass on a constitutional question unless the question was raised in and passed upon by the trial court."). (Citation omitted).
Defendant's only specific objection was that no proper foundation had been laid for the admission of the two envelopes and the plastic bag containing the substance tested by the S.B.I. Defendant made no objection when Agent Icard was testifying about Briner's notes, records, and the results of Briner's tests  specifically Briner's records indicating that the substance tested was cocaine. Defendant did make a general objection when Agent Icard testified that, after reviewing Briner's notes and lab reports, it was her opinion that the substance was cocaine. Defendant's objection was overruled. First, Defendant's general objection is insufficient to preserve anything for appellate review, as it is not clear what, specifically, Defendant found objectionable. N.C.R. App. P. 10(a)(1). Further, on appeal Defendant does not argue that this Court overturn Defendant's conviction based upon Agent Icard's testimony that, in her opinion, the substance tested by Briner was cocaine. Because Defendant does not argue this issue on appeal, it is abandoned. Dogwood Dev. & Mgmt. Co., LLC v. White Oak Transp. Co., 362 N.C. 191, 200, 657 S.E.2d 361, 367 (2008); Clay v. Monroe, 189 N.C. App. 482, 484, 658 S.E.2d 532, 534 (2008).
Therefore, none of Agent Icard's testimony at trial is before us on appeal. The only issue properly preserved for appellate review is whether a proper foundation was laid for the admission into evidence of State's exhibits 1-3  two evidence envelopes and the evidence bag containing the cocaine. However, Defendant's brief does not address this specific issue and, therefore, this issue has been abandoned. "`Assignments of error not set out in the appellant's brief, or in support of which no reason or argument is stated or authority cited, will be taken as abandoned.' N.C.R. App. P. 28(b)(6)(2007)." Clay, 189 N.C. App. at 484, 658 S.E.2d at 534; Dogwood, 362 N.C. at 200, 657 S.E.2d at 367.
Even assuming arguendo this argument was preserved and no proper foundation was laid for the admission of this evidence, Defendant cannot show prejudice. Neither Agent Icard's testimony concerning Briner's records and findings, nor her testimony stating her professional conclusion that the substance purchased from Defendant was cocaine, has been properly preserved for, or challenged on, appeal. In light of the plenary unchallenged evidence presented at trial, we hold that Defendant has failed in his burden of showing that any improper admission of State's exhibits 1-3 created "a reasonable possibility that, had the error in question not been committed, a different result would have been reached at the trial out of which the appeal arises." N.C. Gen. Stat. § 15A-1443(a) (2007). This argument is without merit.
No error.
Judges STEELMAN and STEPHENS concur.
Report per Rule 30(e).