An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA14-301
NORTH CAROLINA COURT OF APPEALS

Filed: 5 August 2014

LINDA G. BROUSARD,
        Plaintiff,

v.                                      Pitt County
                                        No. 13 CVS 87

DONALD V. BROUSARD,
        Defendant.


Appeal by plaintiff from order entered 2 December 2013 by Judge Alma L. Hinton in Pitt County Superior Court.  Heard in the Court of Appeals 21 July 2014.


> *Teresa DeLoatch Bryant for plaintiff-appellant.*
>
> *Rouse & Gasch, PLLC, by Robert D. Rouse, III, and DeeDee Rouse Gasch, for defendant-appellee.*


HUNTER, JR., Robert N., Judge.


Plaintiff Linda G. Brousard appeals from an order granting summary judgment in favor of defendant Donald V. Brousard.  For the reasons stated herein, we dismiss this appeal as untimely.

Plaintiff and defendant were married in July 1986 and divorced in September 2007.  The marital home was awarded to defendant in the divorce proceedings.  In January 2008,

plaintiff and defendant reconciled and, in July 2008, plaintiff moved from her residence into the former marital home now owned by defendant. Plaintiff continued to pay the mortgage on her residence until she sold the house in December 2009. Starting in January 2010, plaintiff wrote a check payable to defendant each month in the amount of $1,000. Plaintiff wrote her last $1,000 check to defendant in July 2012 and moved out of defendant's home in September 2012.

Plaintiff filed a complaint against defendant on 15 January 2013 alleging that she was entitled to: (1) a refund of the $1,000 per month she paid to defendant based upon breach of fiduciary duty, fraud, and breach of contract; (2) recovery of money she spent for improvements made to defendant's house based upon *quantum meruit*; and (3) a writ of possession to retrieve her furniture and personal property from the home. On 18 September 2013, defendant filed a motion for summary judgment seeking dismissal of plaintiff's claims. Plaintiff took a voluntary dismissal of the writ of possession claim on 15 November 2013.

The trial court held a hearing on the summary judgment motion on 18 November 2013. By order filed 2 December 2013, the trial court granted summary judgment in favor of defendant.

Plaintiff was served with the order on 4 December 2013 and noticed appeal on 6 January 2014.

Although neither party has addressed this issue, we must first consider whether this Court has jurisdiction to consider this appeal. North Carolina Rule of Appellate Procedure 3(c), entitled "Time for Taking Appeal," states, in pertinent part:

> [i]n civil actions and special proceedings, a party must file and serve a notice of appeal: (1) within thirty days after entry of judgment if the party has been served with a copy of the judgment within the three day period prescribed by Rule 58 of the Rules of Civil Procedure; or (2) within thirty days after service upon the party of a copy of the judgment if service was not made within that three day period[.]

N.C. R. App. P. 3(c)(1)-(2) (2013). The provisions of N.C. R. App. P. 3 are jurisdictional. *Dogwood Dev. & Mgmt. Co. v. White Oak Transp. Co.*, 362 N.C. 191, 197-98, 657 S.E.2d 361, 365 (2008). A jurisdictional default requires dismissal. *Id.* at 197, 657 S.E.2d at 365.

Here, plaintiff was served with a copy of the order within the three day period prescribed by Rule 58. However, plaintiff's notice of appeal was filed on 6 January 2014, more than thirty days after entry of the order. Thus, plaintiff's notice of appeal was not in compliance with Rule 3, and we dismiss plaintiff's appeal.

Dismissed.

Judges BRYANT and STROUD concur.

Report per Rule 30(e).