HUNTER, JR., ROBERT N., Judge.
On 1 February 2013, Petitioners, the paternal grandparents and legal custodians of Z.D.N.T. (hereinafter "the juvenile"), filed a petition to terminate the parental rights of Respondent, the juvenile's biological mother. Respondent filed an answer on 28 February 2013. Petitioners subsequently filed a motion for appointment of a guardian ad litem for the juvenile pursuant to N.C. Gen.Stat. § 7B-1108(b). On 26 April 2013, the court appointed Ms. Katherine Fountain, a practicing attorney, as guardian ad litem. The trial court entered an order terminating Respondent's parental rights on 18 June 2013. Respondent appealed, and on 18 March 2014, this Court filed an opinion reversing the order and remanding for further proceedings because the findings of fact did not support termination of parental rights. In re Z.D.N.T.,No. 13-1098 (N.C.Ct.App. March 18, 2014).
After the case was remanded, the trial court entered orders appointing Peter Wood as the new attorney for Respondent and Ms. Fountain as guardian ad litem for the juvenile.[1] On 12 September 2014, the district court convened a hearing on remand upon the petition to terminate parental rights. Petitioners and Respondent retained counsel and attended the hearing. Petitioners, the juvenile's father, the adoptive mother of three of Respondent's other children, and Ms. Fountain testified during Petitioners' presentation of evidence. After Ms. Fountain completed her testimony, the following discussion occurred:
[MS. FOUNTAIN]: Does anybody think you might need to recall me?
THE COURT: Are you all satisfied? Can we release [guardian ad litem]?
[MS. FOUNTAIN]: I'll stay, whatever you guys want me to do.
[RESPONDENT'S ATTORNEY]: I don't believe I would ask to recall [guardian ad litem].
[PETITIONERS' ATTORNEY]: I don't see the need.
THE COURT: Then we'll-
[MS. FOUNTAIN]: If the need arises, I'm right across the street, I'll come back.
THE COURT: We'll contact you. Thank you. So we'll release [guardian ad litem].
Petitioners then resumed their presentation of evidence with the testimony of Petitioner paternal grandmother in the absence of Ms. Fountain. Petitioners rested, and after the court denied Respondent's motion to dismiss, Respondent testified on her own behalf. Counsel for Petitioners and Respondent presented closing arguments. The court took the matter under advisement. On 13 October 2014 the court filed an order terminating Respondent's parental rights on the ground she willfully abandoned the juvenile for at least six months prior to the filing of the petition to terminate her parental rights.
Respondent contends that the court erred by (1) failing to appoint an attorney advocate for the child's guardian ad litem and (2) allowing the guardian ad litem to excuse herself from the hearing after she gave her testimony. Before we address these contentions, we must first determine whether they have been preserved for appellate review. Respondent did not object to the court's failure to appoint an attorney advocate for the juvenile or to the departure of the guardian ad litem from the hearing. As a general principle, an appellant must object in the court below to the court's failure to appoint a guardian ad litem for the juvenile in order to have a right to appellate review of the issue. See In re A.D.N.,--- N.C.App. ----, ----, 752 S.E.2d 201, 209 (2013), disc. review denied,367 N.C. 321, 755 S.E.2d 626 (2014). Our Rules of Appellate Procedure provide "[i]n order to preserve an issue for appellate review, a party must have presented to the trial court a timely request, objection, or motion, stating the specific grounds for the ruling the party desired the court to make if the specific grounds were not apparent from the context." N.C. R.App. P. 10(a)(1) (2013). Respondent failed to object or insist that the guardian ad litem remain in the courtroom until the end of the proceeding.
We acknowledge that Appellate Rule 2 permits this Court to excuse a party's failure to preserve an issue in the court below "[t]o 'prevent manifest injustice to a party' or to 'expedite decision in the public interest [.]' " Dogwood Dev. & Mgmt. Co., LLC v. White Oak Transp. Co.,362 N.C. 191, 196, 657 S.E.2d 361, 364 (2008) (quoting N.C. R.App. P. 2 ). However, there, our Supreme Court reaffirmed that Rule 2 is to be applied cautiously and only in exceptional circumstances. See id.We do not think that this is an exceptional case requiring invocation of Appellate Rule 2. We note that the court did appoint a guardian ad litem who prepared a report for the court's benefit, testified at the hearing, and made a recommendation as to disposition. Respondent has not challenged the court's findings of fact. Respondent makes no argument that the failure of the guardian ad litem to act as an attorney advocate affected the results of the case. This court adopted the guardian ad litem's recommendation. Here, there is no showing the Respondent properly preserved the issue of whether an attorney advocate and guardian ad litem sufficiently protected the child's best interests. While a petition for writ of certiorari may be appropriate for the purpose of seeking review of some injustices, Respondent has not presented such an injustice in this opinion. For the aforementioned reasons, we need not address Respondent's contentions on appeal.
We affirm the order terminating Respondent's parental rights. AFFIRMED.
Chief Judge McGEE and Judge CALABRIA concur.
Report per Rule 30(e).
Opinion
Appeal by respondent from order entered 13 October 2014 by Judge W. David McFadyen, III, in Craven County District Court. Heard in the Court of Appeals 13 July 2015.

Although the order is entitled "Order Appointing Guardian Ad Litem for Minor Child," it actually appoints an attorney to represent Respondent. The court entered an identical order entitled "Order Appointing Counsel for Respondent" which appointed an attorney to represent Respondent. Each order, however, was served upon Ms. Fountain as guardian ad litem for the juvenile, and Ms. Fountain filed a court report as guardian ad litem on 25 July 2014.