An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA15-410

Filed: 20 October 2015

Union County, No. 12CRS055188

STATE OF NORTH CAROLINA

v.

WILLIAM PATRICK CURRY, JR.

Appeal by Defendant from judgment entered 13 November 2014 by Judge Christopher W. Bragg in Union County Superior Court. Heard in the Court of Appeals 12 October 2015.

> *Attorney General Roy A. Cooper, III, by Assistant Attorney General Brenda Eaddy, for the State.*

> *Richard Croutharmel, for Defendant-Appellant.*

DILLON, Judge.

Defendant appeals from a judgment entered upon a jury verdict finding him guilty of felony possession of stolen property. The trial court sentenced Defendant to a term of 5 to 15 months imprisonment, suspended the sentence, and placed Defendant on supervised probation for 30 months with 30 days of special probation.

Defendant has failed to include in the record before this Court evidence that he gave proper notice of appeal and therefore, we must dismiss his appeal. *See*

*Dogwood Dev. & Mgmt. Co. v. White Oak Transp. Co.*, 362 N.C. 191, 197-98, 657 S.E.2d 361, 365 (2008) (holding compliance with the requirements for entry of notice of appeal is jurisdictional and that "[a] jurisdictional default . . . precludes the appellate court from acting in any manner other than to dismiss the appeal").

However, Defendant has filed a petition seeking review of the judgment through the issuance of a writ of certiorari, contending that he gave oral notice of appeal at trial but that it was not recorded in the verbatim transcript of the trial. In support of his assertion, Defendant has attached a copy of the trial clerk's notes indicating that Defendant gave oral notice of appeal after sentencing but before the trial court addressed and excused the jury. Additionally, Defendant has attached a copy of an e-mail from the court reporter at Defendant's trial, who states that Defendant's oral notice of appeal was given after she "had closed up and left." In our discretion, we allow Defendant's petition for writ of certiorari to reach the merits of his appeal.

Counsel appointed to represent Defendant was unable to identify any issue with sufficient merit to support a meaningful argument for relief on appeal and asks that this Court conduct its own review of the record for possible prejudicial error. Counsel has also shown to the satisfaction of this Court that he has complied with the requirements of A*nders v. California*, 386 U.S. 738, 87 S. Ct. 1369, 18 L. Ed. 2d 493 (1967), and *State v. Kinch*, 314 N.C. 99, 331 S.E.2d 665 (1985), by advising

Defendant of his right to file written arguments with this Court and providing him with the documents necessary for him to do so.

On 12 June 2015, Defendant filed *pro se* arguments with this Court, arguing the trial court erred in failing to inquire into his competency to represent himself at the start of the trial. Defendant asserts that immediately prior to trial he had to take a prescription medication to treat a severe panic attack, which clouded his thinking and prevented him from mounting an effective defense. Defendant's argument is without merit.

On 11 June 2013, Defendant appeared before the trial court seeking to represent himself at his trial. The court conducted the inquiry mandated by N.C. Gen. Stat. § 15A-1242 when a defendant seeks to represent himself at trial. The court concluded that Defendant knowingly and voluntarily waived his right to counsel and permitted him to proceed without the assistance of counsel.

At the start of Defendant's trial, the presiding judge asked Defendant if he was prepared to go forward with the trial that day, and Defendant replied, "Yes, sir." Defendant did not ask for a continuance and participated in the trial by cross-examining some of the State's witnesses, calling and questioning his own witness, testifying on his own behalf, and presenting closing arguments to the jury. Defendant's current argument amounts to a claim that he was ineffective in representing himself at trial, a claim that he cannot make having chosen to proceed

*pro se.*  *See State v. Thomas*, 331 N.C. 671, 677, 417 S.E.2d 473, 477 (1992).  This argument is overruled.

In accordance with *Anders*, we have fully examined the record to determine whether any other issues of arguable merit appear therefrom.  We have been unable to find any possible prejudicial error and conclude that the appeal is wholly frivolous.

NO ERROR.

Chief Judge McGEE and Judge HUNTER, JR., concur.

Report per Rule 30(e).