DIETZ, Judge.
Defendant Jeremy Bess appeals the trial court's order denying his Rule 60(b) motion for relief from a child support judgment. As explained below, we lack appellate jurisdiction over this case because the appeal is untimely. We therefore dismiss this appeal.
Facts and Procedural History
On 12 March 2013, the trial court entered a temporary child support order, ordering Defendant Jeremy Bess to pay child support in the amount of $475 per month. On 21 May 2014, Bess filed a motion to modify, seeking a reduction in his child support obligation based on a period of unemployment. Following a trial on 11 July 2016, the trial court entered a permanent child support order on 21 November 2017. The trial court reduced Bess's monthly child support obligation to $218.44 beginning 1 December 2017.
On 2 February 2018, Bess filed a Rule 60(b) motion for relief from the permanent child support judgment, arguing that the reduction of his child support obligation should relate back either to the date of trial in July 2016 or to the date he filed his motion to modify in May 2014. On 8 May 2018, the trial court filed its order denying Bess's Rule 60(b) motion. The certificate of service accompanying the order shows that it was served by mail that same day. Bess filed notice of appeal on 8 June 2018.
Analysis
We lack appellate jurisdiction to consider the merits of this appeal. Under our Rules of Appellate Procedure, an appellant in a civil action must file notice of appeal "within thirty days after entry of judgment if the party has been served within the three-day period prescribed by Rule 58 of the Rules of Civil Procedure." N.C. R. App. P. 3(c)(1). "In order to confer jurisdiction on the state's appellate courts, appellants of lower court orders must comply with the requirements of Rule 3 of the North Carolina Rules of Appellate Procedure." Bailey v. State , 353 N.C. 142, 156, 540 S.E.2d 313, 322 (2000).
"The appellant's compliance with the jurisdictional rules governing the taking of an appeal is the linchpin that connects the appellate division with the trial division and confers upon the appellate court the authority to act in a particular case." Dogwood Dev. & Mgmt. Co., LLC v. White Oak Transp. Co. , 362 N.C. 191, 197, 657 S.E.2d 361, 364-65 (2008). "A jurisdictional default, therefore, precludes the appellate court from acting in any manner other than to dismiss the appeal." Id. at 197, 657 S.E.2d at 365.
Here, the trial court entered the order from which Bess appeals on 8 May 2018 and the certificate of service indicates that it was served by mail that same day. The 30-day period for timely appealing the challenged order therefore ended on 7 June 2018. Bess did not file his notice of appeal until 8 June 2018, one day after the 30-day time for filing a notice of appeal.
We recognize that dismissing this appeal because it was filed one day late is a harsh result, and that it runs counter to this Court's goal of reaching the merits of every appeal brought before us. But as our Supreme Court repeatedly has emphasized, this type of jurisdictional defect leaves us with no choice but to dismiss; "a jurisdictional default brings a purported appeal to an end before it ever begins." Id. at 198, 657 S.E.2d at 365.
Moreover, as we repeatedly have observed in recent cases, "the General Assembly has provided this Court with a means to avoid the potential injustice that results from this type of jurisdictional defect-we have broad authority under N.C. Gen. Stat. § 7A-32 to issue a writ of certiorari to review an appeal where the Court otherwise would lack appellate jurisdiction." WBTV, LLC v. Ashe County Bd. of Commissioners , --- N.C. App. ----, 821 S.E.2d 489, 2018 WL 6314638, at *2 (2018) (unpublished); Kennihan v. Kennihan , --- N.C. App. ----, 815 S.E.2d 746, 2018 WL 3233092, at *2 (2018) (unpublished). But the appellant must take advantage of this discretionary authority by petitioning for a writ of certiorari. Bess did not do so here, and we are therefore constrained to dismiss the appeal.
Conclusion
We dismiss this appeal for lack of appellate jurisdiction.
DISMISSED.
Report per Rule 30(e).
Judges BRYANT and MURPHY concur.