An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA24-1131

Filed 1 October 2025

Davidson County, No. 23CVD002727-280

RAFAEL ESCAMILLA VALDEZ, Plaintiff,

v.

MAJORIE ANN ANDERSON, Defendant.

Appeal by defendant from order entered 13 August 2024 by Judge Carlos E. Jane in Davidson County District Court. Heard in the Court of Appeals 6 August 2025.

> *Martin & Gifford, PLLC, by S. Adam Stallings, and Citrin & Whitman, by Samantha N. Smith, for plaintiff-appellee.*
>
> *Marjorie Ann Anderson, pro se defendant-appellant.*

PER CURIAM.

Defendant Marjorie Ann Anderson appeals from an order granting summary judgment to the plaintiff.

Jurisdiction may fail to vest in the appellate court when the appellant fails to comply with the Rules of Appellate Procedure. *Dogwood Dev. & Mgmt. Co., LLC v. White Oak Transp. Co.*, 362 N.C. 191, 197–98 (2008). Sanctions for substantially

failing to comply with jurisdictional appellate rules range from dismissal of the appeal, monetary damages, or any other sanction deemed just and proper by the appellate court. N.C. R. App. P. Rule 25 (2024).

Defendant's counsel identified three issues for our independent review: (1) whether the lower court erred in granting summary judgment to the plaintiff, (2) whether the lower court erred in granting summary judgment which deprived the defendant of her right to a jury trial, and (3) whether the lower court erred in granting summary judgment to the plaintiff, which resulted in the defendant being deprived of her right to purchase the property.

Defendant failed to follow at least three of the Rules of Appellate Procedure. Defendant failed to (1) order/request the transcript before the deadline, (2) serve the proposed record on appeal before the deadline, or (3) provide the plaintiff's attorneys with a proposed record on appeal.

We conclude that, based on Defendant's deficiencies, it is appropriate that Defendant's appeal be dismissed.

DISMISSED.

Panel consisting of Chief Judge DILLON and Judges GORE and CARPENTER.

Report per Rule 30(e).