EZEKIEL HUGHES AND ALMA JEAN HUGHES, PLAINTIFFS v. SAMUEL K. YOUNG AND KIMBERLY M. YOUNG, DEFENDANTS AND THIRD PARTY PLAINTIFFS v. GENERAL ELECTRIC CAPITAL CORPORATION, THIRD PARTY DEFENDANT

No. 9324SC777

(Filed 21 June 1994)

1. **Husband and Wife § 23 (NCI4th)— conveyance of husband's property—wife's joinder in deed—wife not liable for covenants**

     A wife could not be held liable for breach of any covenants in a deed conveying property owned solely by the husband where she joined in the execution of the deed only to release her inchoate rights.

     **Am Jur 2d, Husband and Wife §§ 132-229.**

2. **Deeds § 33 (NCI4th); Fixtures § 1 (NCI4th)— deed describing land—conveyance of affixed mobile home**

     A general warranty deed describing only land was sufficient, as between the grantor and the grantees, to transfer title to a mobile home affixed to the land where the sale was intended by the parties to include both the land and the mobile home.

     **Am Jur 2d, Deeds §§ 221 et seq.; Fixtures §§ 1, 78-90.**

3. **Deeds § 97 (NCI4th)— conveyance of land and mobile home—lien on mobile home—breach of covenant against encumbrances**

Where a general warranty deed containing a covenant against encumbrances was intended by the parties to convey both the described land and a mobile home affixed thereto, the mobile home became realty as between the parties to the deed, and a lien noted on the certificate of title for the mobile home constituted an "encumbrance" which breached the covenant against encumbrances. Accordingly, the cause must be remanded for a determination of damages.

**Am Jur 2d, Covenants, Conditions, and Restrictions §§ 81, 82.**

Appeal by plaintiffs from order entered 10 May 1993 by Judge Charles C. Lamm in Yancey County Superior Court. Heard in the Court of Appeals 14 April 1994.

*Kyle D. Austin, P.A., by Kyle D. Austin, for plaintiffs.*

*Bailey and Bailey, by G.D. Bailey and J. Todd Bailey, for defendants and third party plaintiffs.*

LEWIS, Judge.

Plaintiffs commenced this action for breach of warranties arising out of the sale of property by general warranty deed. The trial court entered an order denying plaintiffs' motion for summary judgment and granting defendants' motion for summary judgment. From this order, plaintiffs appeal.

[1] On 4 September 1990, defendant Samuel K. Young (hereinafter "Young") conveyed a tract of real estate, identified as Lot 9 of the Earl Young Trailer Park in Yancey County, to plaintiffs by general warranty deed. We note that Samuel Young was the sole owner of the property, and that defendant Kimberly M. Young, Samuel's wife, joined in the execution of the deed in order to release her marital interest and prospective rights of inheritance in the property. "[A] married woman who joins her husband in the execution of a deed to his property, merely to release her inchoate right of dower, conveys nothing and is not bound by the covenants in such deed." *Maples v. Horton*, 239 N.C. 394, 399-400, 80 S.E.2d 38, 42 (1954). Further, even if there is only a rebuttable presumption that a wife who joins in the

execution of a deed to property owned solely by her husband does so merely to release her inchoate rights, the presumption can only be rebutted by evidence of the wife's true purpose, such as an agreement with her husband to share the proceeds of the sale. *Wellons v. Hawkins*, 46 N.C. App. 290, 293, 264 S.E.2d 788, 790 (1980). In the present case, plaintiffs have shown no evidence whatsoever of Kimberly Young's purpose in joining in the execution of the deed. Accordingly, we must conclude that her purpose was merely to release her inchoate rights. Therefore, Kimberly Young cannot be held liable for breach of any covenants made in the deed.

Located on the property was a 1985 Scott Rockford Mobile Home. The deed to plaintiffs did not mention the mobile home, but both Young and plaintiffs agree that the sale was to include the real property and the mobile home. Plaintiffs allege that the consideration paid was $25,500, with $10,500 of that total representing the value of the mobile home.

The mobile home had been purchased and placed on the lot by Young's grantors, Randy A. Hughes and his wife Kimberly W. Hughes. Randy is Ezekiel Hughes' son. Randy and Kimberly Hughes purchased the mobile home from Imperial Homes, Inc. (hereinafter "Imperial") under an installment sales contract. As part of that transaction, Randy and Kimberly Hughes gave Imperial a purchase money security interest in the mobile home. Imperial then assigned its rights to General Electric Credit Corporation. The certificate of title to the mobile home issued by the Department of Motor Vehicles listed General Electric Credit Corporation as lienholder. No Uniform Commercial Code fixture filing noting the lien was filed.

During the period in which Young and plaintiffs owned the mobile home, no payments on the installment sales contract were made. Furthermore, it is unclear from the record whether Young and plaintiffs knew of the existence of the debt and lien on the mobile home. After plaintiffs purchased the improved property from Young, General Electric Capital Corporation (hereinafter "G.E."), either on behalf of or as assignee of General Electric Credit Corporation, filed suit against plaintiffs to recover possession of the mobile home. G.E. prevailed and removed the mobile home from the lot. Plaintiffs then commenced this action against the Youngs for breach of their general warranty deed, which contained a covenant against encumbrances.

At the heart of this appeal is the question of whether a deed describing only real property suffices to transfer title to a mobile home located on that real property. If it does, the next question is whether the covenant against encumbrances in the general warranty deed is breached by the existence of a lien on the mobile home which existed on the date of the transfer of the property.

## I.

[2] In addressing the first issue, we note that prior decisions of this Court and our Supreme Court have classified a mobile home as a "motor vehicle" for purposes of interpreting the application of our motor vehicle laws to mobile homes, *see Peoples Sav. & Loan Ass'n v. Citicorp Acceptance Co.*, 103 N.C. App. 762, 407 S.E.2d 251, *disc. review denied*, 330 N.C. 197, 412 S.E.2d 59 (1991); *King Homes, Inc. v. Bryson*, 273 N.C. 84, 159 S.E.2d 329 (1968), and that N.C.G.S. § 20-72(b) (1993) provides that no title to a motor vehicle shall pass until the transferor executes an assignment and warranty of title on the reverse of the certificate of title, and delivers the motor vehicle to the transferee. However, a mobile home that is affixed to land presents a unique dilemma, having the qualities of both personalty and realty, and we believe it is appropriate to look to the law of fixtures for guidance.

"A fixture has been defined as that which, though originally a movable chattel, is, by reason of its annexation to land, or association in the use of the land, regarded as part of the land, partaking of its character . . . ." 1 Thompson on Real Property, 1980 Replacement, § 55, at 179 (1980). The test for determining whether a chattel which has been annexed to land has become real property or remains personal property is the intention with which the annexation was made. *Little v. National Serv. Indus., Inc.*, 79 N.C. App. 688, 692, 340 S.E.2d 510, 513 (1986). Further, the status of an item as realty or personalty may depend on the relation of the parties claiming an interest in the item to each other and to the land, as this relation is often indicative of the reasonably presumable intention of the annexor at the time he made the annexation. Patrick K. Hetrick & James B. McLaughlin, Jr., *Webster's Real Estate Law in North Carolina* § 16 (3d ed. 1988) [hereinafter *Webster's*]. That is, the same item that may be considered personal property in one situation may be considered real property where a different relationship exists. *Id.*

For example, where the parties involved are the seller of a chattel and the purchaser of that chattel who gives the seller a security

interest in the chattel and then affixes the chattel to real property, the item remains personalty as between the parties. Id. § 20. This situation is analogous to that found in *Peoples Savings & Loan Ass'n v. Citicorp Acceptance Co.*, 103 N.C. App. 762, 407 S.E.2d 251, *disc. review denied*, 330 N.C. 197, 412 S.E.2d 59 (1991). In that case, the purchaser of a mobile home gave Citicorp a purchase-money security interest in the mobile home, which was noted on the certificate of title. Citicorp did not make a fixture filing on the mobile home. The purchaser then affixed the mobile home to real estate. Thereafter, the purchaser borrowed money from a lender and gave a deed of trust on the real property to the lender as security. The Court held that, pursuant to motor vehicle law, Citicorp's lien on the mobile home was properly perfected and had priority over the deed of trust, notwithstanding the fact that the mobile home had become affixed to the real property before the deed of trust was given. *Id.* at 767, 407 S.E.2d at 254. Thus, as between those parties, the mobile home remained personalty.

Where the relation between the parties, however, is that of grantor and grantee of land upon which a chattel has been affixed by the grantor, the presumption is different. In that situation, it is generally presumed that the purpose of the annexation is to enhance the value of the land and that the attached item becomes part of the realty. *Little*, 79 N.C. App. at 692, 340 S.E.2d at 513. Thus, when Randy and Kimberly Hughes sold the improved land to Young, the attached mobile home was part of the realty. And, when Young sold the improved land to plaintiffs, the mobile home continued to be a part of the realty. This conclusion is supported by the parties' stated intentions, as set forth in the pleadings. Both Young and plaintiffs agree that the sale was to include both the land and the mobile home. Accordingly, we hold that in the case of a mobile home which has been affixed to realty and which is intended to pass with the realty, as between the grantor and grantee of the improved property the result must be that the mobile home passes as real property. Thus, in the case at hand, the mobile home having become a part of the realty, the general warranty deed given to plaintiffs by Young was sufficient to transfer title to the land and the mobile home.

However, we note that the prudent purchaser will examine both the real property records in the county where the land is located and the records of the Department of Motor Vehicles, and will require that the seller deliver to him a deed to the real property and the title certificate to the mobile home. As this Court held in *Peoples*, a per-

fected lien noted on the certificate of title remains superior despite the annexation of the mobile home to realty.

## II.

[3] Having resolved the issue regarding title to the mobile home, we now address the alleged breach of the general warranty deed. Plaintiffs' deed from Young contained a covenant that the property was free and clear of all encumbrances, subject to the listed exceptions. The lien on the mobile home in favor of General Electric Credit Corporation, which was noted on the title certificate, was not listed as an exception.

"The covenant against encumbrances is a covenant that there are no encumbrances outstanding against the premises at the time of the conveyance." *Webster's, supra* p.5, § 217. An encumbrance is a "claim, lien, charge, or liability attached to and binding real property." *Commonwealth Land Title Ins. Co. v. Stephenson,* 101 N.C. App. 379, 381, 399 S.E.2d 380, 381 (1991) (quoting Black's Law Dictionary 473 (5th ed. 1979)). Because the mobile home in the case at hand became real property as between these parties, the lien on the certificate of title was a lien attached to and binding real property, and therefore became an "encumbrance." Furthermore, even a grantee's actual knowledge and record notice of the existence of an encumbrance are not a defense to the grantee's action to recover damages for breach of the covenant against encumbrances. *Philbin Invs., Inc. v. Orb Enters., Ltd.,* 35 N.C. App. 622, 626, 242 S.E.2d 176, 179, *disc. review denied,* 295 N.C. 90, 244 S.E.2d 260 (1978).

Inasmuch as the pleadings and supporting documents, including Young's deed to plaintiffs, conclusively establish that 1) Young covenanted to plaintiffs that the property was free from encumbrances, and 2) the lien on the mobile home existed at the time Young transferred the property to plaintiffs, the validity of plaintiffs' claim for breach of the covenant against encumbrances has been established as a matter of law. *Id.* at 625, 242 S.E.2d at 178 (1978). However, genuine issues of material fact do exist regarding the issue of damages. Accordingly, as to defendant Samuel Young, the trial court's granting of defendants' motion for summary judgment is reversed. As to defendant Kimberly Young, summary judgment was properly granted, for she is not bound by the covenants made in the deed to plaintiffs. Further, the trial court's denial of plaintiffs' motion for summary judgment is reversed and remanded for entry of partial

summary judgment for plaintiffs against defendant Samuel Young on the issue of liability, with the issue of damages to be resolved at trial.

For the reasons stated, the order of the trial court is affirmed in part, reversed in part and remanded.

Affirmed in part; reversed in part and remanded.

Judges EAGLES and WYNN concur.