BILL O. WEEKS AND TRACY WEEKS, PLAINTIFFS v. SELECT HOMES, INC., DEFENDANT

No. COA08-480

(Filed 18 November 2008)

## 1. Appeal and Error— appellate rules violations—substantial failure or gross violation—nonjurisdictional—sanctions less than dismissal

Defendant's motion to strike plaintiffs' brief and dismiss plaintiffs' appeal based on numerous violations of Appellate Rule 28 and the formatting requirements set forth in Appendices B and E of the North Carolina Rules of Appellate Procedure is denied because although the numerous appellate rules violations and other errors rise to the level of a substantial failure or gross violation, they are not so egregious as to warrant dismissal of plaintiffs' appeal given the number of nonjurisdictional appellate rules violations. In the exercise of its discretion, the Court of Appeals ordered plaintiffs' attorney to pay double the printing costs of this appeal and review the Rules of Appellate Procedure and certify by affidavit to the Court that he will be more diligent and comply with the Rules of Appellate Procedure in any future appeals. N.C. R. App. P. 34(b)(2)a and (3).

## 2. Warranties— implied warranty of habitability—modular home—directed verdict—notice of defects

The trial court did not err by granting defendant's motion for a directed verdict even though plaintiffs contend they produced more than a scintilla of evidence to prove their claim of breach of the implied warranty of habitability arising from the

purchase of a modular home because plaintiffs had notice of the alleged defects prior to the passing of the deed or the taking of possession.

**3. Appeal and Error— preservation of issues—failure to argue**

Although plaintiffs contend that the trial court committed error by engaging in improper and disrespectful conduct toward plaintiffs' trial counsel, this assignment of error is deemed abandoned because it was not set out in plaintiffs' brief as required by N.C. R. App. P. 28(b)(6).

Appeal by plaintiffs from order entered 2 November 2007 by Judge Moses A. Massey in Alleghany County Superior Court. Heard in the Court of Appeals 23 October 2008.

*Law Office of Harold J. Bender, by Harold J. Bender, for plaintiff-appellants.*

*Forman Rossabi Black, P.A., by Emily J. Meister, for defendant-appellee.*

TYSON, Judge.

Bill O. Weeks ("Mr. Weeks") and Tracy Weeks (collectively, "plaintiffs") appeal from order entered, which granted Select Homes, Inc.'s ("defendant") motion for directed verdict. We affirm.

## I. Background

On 21 November 2006, plaintiffs filed a complaint and asserted claims of: (1) breach of contract; (2) breach of the implied warranty of habitability; and (3) unfair and deceptive trade practices. The complaint alleged: (1) plaintiffs had purchased a two story modular home from defendant for $135,545.00; (2) when placed upon plaintiffs' property, the home was "less durable and at a much lower quality then could be expected and was not as contracted by . . . [p]laintiffs in violation of the North Carolina Building Code and the specifications of the manufacturer[;]" (3) plaintiffs occupied the home on the condition that several defects would be repaired in accordance with the building code; (4) one of defendant's employees turned off the water supply to the home "to further injure . . . [p]laintiffs[;]" and (5) defendant's failure to properly install the home caused the structure to be unsuitable for its intended purpose.

Defendant answered plaintiffs' complaint, moved to dismiss, and alleged plaintiffs: (1) had failed to allege sufficient facts to support a

claim for unfair and deceptive trade practices; (2) are not entitled to recover for a breach of an expressed or implied warranty, "as the contract . . . specifically exclude[d] and disclaim[ed] any and all such warranties[;]" and (3) had failed to state or identify a claim upon which relief could be granted for defendant's alleged act of turning off plaintiffs' water.

Defendant also moved for summary judgment. Defendant's motions were heard on 11 June 2007. The trial court: (1) granted defendant's motion for summary judgment "as to [p]laintiffs' claims for Chapter 75, punitive damages and the alleged shutting off of water to [p]laintiffs' home" and (2) denied defendant's motion for summary judgment "as to [p]laintiffs' claims for breach of contract and breach of implied warranty of habitability . . . ." Plaintiffs did not appeal the trial court's order entered on defendant's motions to dismiss and for summary judgment.

Plaintiffs remaining claims proceeded to trial on 8 October 2007. At the close of plaintiffs' evidence, defendant moved for a directed verdict on the grounds that plaintiffs: (1) abandoned their claim for breach of contract; (2) prevented the performance of defendant; (3) accepted and took possession of the home with knowledge of defects; (4) failed to mitigate their damages; and (5) failed to otherwise prove or establish their damages. The trial court granted defendant's motion for a directed verdict, entered judgment in favor of defendant, and dismissed plaintiffs' remaining claims with prejudice. Plaintiffs appeal.

## II. North Carolina Rules of Appellate Procedure

[1] On 9 July 2008, defendant moved to strike plaintiffs' brief and dismiss plaintiffs' appeal based on numerous violations of Appellate Rule 28 and the formatting requirements set forth in Appendices B and E of the North Carolina Rules of Appellate Procedure. Defendant alleged the following errors:

(a) failure to satisfy the requirements for proper formatting and presentation of the Index to the Brief; (b) failure to include an inside caption, proper pagination and proper topical headings; (c) failure to include or provide a statement of grounds for appellate review; (d) failure to reference the assignments of error; (e) failure to provide proper citation to the Record and authorities relied upon; (f) failure to provide Identification of Counsel; (g) failure to provide a Certificate of Compliance; and (h) failure to include in

Appendixes those portions of the transcript identified or to reproduce those portions verbatim in the body of the Brief.

Defendant's brief in support of its motion to strike plaintiffs' brief and dismiss plaintiffs' appeal includes two additional errors: (1) "numerous erroneous citations to authority[]" and (2) "countless typographical errors." Plaintiffs responded and stated "that if there are any violations of the Rules of Appellate Procedure, which the Plaintiffs-Appellants deny, they are non-jurisdictional and perhaps could best be summarized as inartful appellate advocacy."

We initially address defendant's motion to dismiss plaintiffs' appeal. In *Dogwood Dev. & Mgmt. Co., LLC v. White Oak Transp. Co.*, our Supreme Court stated "that the occurrence of default under the appellate rules arises primarily from the existence of one or more of the following circumstances: (1) waiver occurring in the trial court; (2) defects in appellate jurisdiction; and (3) violation of nonjurisdictional requirements." 362 N.C. 191, 194, 657 S.E.2d 361, 363 (2008). Here, plaintiffs' noncompliance falls within the third category.

### A.  Appellate Rules 25 and 34

"Based on the language of [Appellate] Rules 25 and 34, the appellate court may not consider sanctions of any sort when a party's noncompliance with nonjurisdictional requirements of the [appellate] rules does not rise to the level of a 'substantial failure' or 'gross violation.' " *Id.* at 199, 657 S.E.2d at 366.

> In determining whether a party's noncompliance with the appellate rules rises to the level of a substantial failure or gross violation, the court may consider, among other factors, whether and to what extent the noncompliance impairs the court's task of review and whether and to what extent review on the merits would frustrate the adversarial process. *See Hart*, 361 N.C. at 312, 644 S.E.2d at 203 (noting that dismissal may not be appropriate when a party's noncompliance does not " 'impede comprehension of the issues on appeal or frustrate the appellate process' " (citation omitted)); *Viar*, 359 N.C. at 402, 610 S.E.2d at 361 (discouraging the appellate courts from reviewing the merits of an appeal when doing so would leave the appellee "without notice of the basis upon which [the] appellate court might rule" (citation omitted)). *The court may also consider the number of rules violated,* although in certain instances noncompliance with a discrete requirement of the rules may constitute a default precluding sub-

stantive review. *See, e.g.,* N.C.R. App. P. 28(b)(6) ("Assignment of error not set out in the appellant's brief, or in support of which no reason or argument is stated or authority cited, will be taken as abandoned.").

*Id.* at 200, 657 S.E.2d at 366-67 (emphasis supplied).

Here, plaintiffs' Appellate Rules violations include the failure to: (1) reference any assignment of error immediately following each question presented as required by N.C.R. App. P. 28(b)(6); (2) include a statement of the grounds for appellate review as required by N.C.R. App. P. 28(b)(4); (3) include a certification that their brief contained no more than 8,750 words as required by N.C.R. App. P. 28(j)(1)(B)2; (4) include an index to their brief as required by N.C.R. App. P. 28(d)(1)a and b; (5) include an inside caption as required by N.C.R. App. P. 26(g)(1) and Appxs. B and E; (6) properly format the caption of their brief as required by N.C.R. App. P. 26(g)(1) and Appx. B; (7) properly position and format the page numbering of their brief as required by N.C.R. App. P. 26(g)(1) and Appx. B; and (8) properly format their topical headings as required by N.C.R. App. P. 26(g)(1) and Appx. B.

We hold that plaintiffs' numerous appellate rules violations and other errors "rise to the level of a 'substantial failure' or 'gross violation.' " *Dogwood,* 362 N.C. at 199, 657 S.E.2d at 366. We turn to "which, if any, sanction under [Appellate] Rule 34(b) should be imposed." *Id.* at 201, 657 S.E.2d at 367.

## B. Appellate Rule 34(b)

A court of the appellate division may impose one or more of the following sanctions:

(1) dismissal of the appeal;

(2) monetary damages including, but not limited to,

a. single or double costs,

b. damages occasioned by delay,

c. reasonable expenses, including reasonable attorney fees, incurred because of the frivolous appeal or proceeding;

(3) any other sanction deemed just and proper.

N.C.R. App. P. 34(b) (2008).

Given the number of nonjurisdictional appellate rules violations in this case, we hold plaintiffs' noncompliance to be substantial, but not so egregious as to warrant dismissal of plaintiffs' appeal. *See Dogwood,* 362 N.C. at 200, 657 S.E.2d at 366 ("[O]nly in the most egregious instances of nonjurisdictional default will dismissal of the appeal be appropriate." (Citation omitted)). In the exercise of our discretion, plaintiffs' attorney is ordered to: (1) pay double the printing costs of this appeal and (2) review the Rules of Appellate Procedure and certify by affidavit to this Court that he will be more diligent and comply with the Rules of Appellate Procedure in any future appeals. N.C.R. App. P. 34(b)(2)a and (3). The Clerk of this Court is to enter an order accordingly. We now review the merits of plaintiffs' appeal.

## III.  Issues

Plaintiffs argue the trial court erred when it: (1) granted defendant's motion for a directed verdict and (2) failed to allow the opinion testimony of two of plaintiffs' witnesses.

## IV.  Motion for a Directed Verdict

**[2]** Plaintiffs argue the trial court erred when it granted defendant's motion for a directed verdict because "plaintiffs produced much more than a scintilla of evidence to prove their claim of breach of the implied warranty of habitability." We disagree.

### A.  Standard of Review

The standard of review for a motion for directed verdict is whether the evidence, considered in the light most favorable to the non-moving party, is sufficient to be submitted to the jury. A motion for directed verdict should be denied if more than a scintilla of evidence supports each element of the non-moving party's claim. This Court reviews a trial court's grant of a motion for directed verdict *de novo.*

*Herring v. Food Lion, LLC,* 175 N.C. App. 22, 26, 623 S.E.2d 281, 284 (2005) (internal citations omitted), *aff'd per curiam,* 360 N.C. 472, 628 S.E.2d 761 (2006).

### B.  Analysis

[I]n every contract for the sale of a recently completed dwelling, and in every contract for the sale of a dwelling then under construction, the vendor, if he be in the business of building such

dwellings, shall be held to impliedly warrant to the initial vendee that, at the time of the passing of the deed or the taking of possession by the initial vendee (whichever first occurs), the dwelling, together with all its fixtures, is sufficiently free from major structural defects, and is constructed in a workmanlike manner, so as to meet the standard of workmanlike quality then prevailing at the time and place of construction; and that this implied warranty in the contract of sale survives the passing of the deed or the taking of possession by the initial vendee.

*Hartley v. Ballou*, 286 N.C. 51, 62, 209 S.E.2d 776, 783 (1974) (citation omitted).

Our Supreme Court further explained:

An implied warranty cannot be held to extend to defects which are visible or should be visible to a reasonable man upon inspection of the dwelling. . . . The determinative question here is whether the purchaser, prior to the passing of the deed or the taking of possession (whichever first occurs), had notice of the alleged defects without regard to whether such notice was obtained while the house was under construction or after the completion thereof.

*Id.* at 61, 209 S.E.2d at 782 (internal citations omitted).

Here, the record on appeal clearly establishes that: (1) Mr. Weeks testified that he was familiar with "hundreds" of "construction projects . . . in a supervisory role" based on his out-of-state construction work; (2) plaintiffs testified they observed, photographed, and listed many problems and areas of concern throughout the construction process; (3) plaintiffs received notice from the Alleghany County Inspections Department of various items and deficiencies which needed to be completed or corrected before a Certificate of Occupancy would be issued; (4) plaintiffs hired a professional engineer to inspect "the conditions that [Mr. Weeks had] brought to [their] attention[;]" and (5) plaintiffs took possession of the home prior to the time the issues were rectified and before a Certificate of Occupancy was issued.

The trial court properly granted defendant's motion based on the reasoning articulated by our Supreme Court in *Hartley*. 286 N.C. at 61, 209 S.E.2d at 782. Plaintiffs had notice of the alleged defects "prior to the passing of the deed or the taking of possession . . . ." *Id.* This assignment of error is overruled.

In light of our holding, it is unnecessary to determine whether the trial court erred when it failed to allow plaintiffs to enter the opinion testimony of two of their witnesses. Professional Engineer Sydney Chipman's testimony of the costs of repairs and Mr. Weeks's testimony of the fair market value of the home does not negate the fact that plaintiffs had notice of the alleged defects before they took possession of the home.

**[3]** Plaintiffs' third and final assignment of error states "[t]hat the [trial] [c]ourt committed error by engaging in improper and disrespectful conduct towards . . . [p]laintiff[s'] trial counsel, in violation of . . . [p]laintiff[s'] Statutory and Constitutional Rights." This assignment of error is not set out in plaintiffs' appellate brief and is deemed abandoned. *See* N.C.R. App. P. 28(b)(6) (2008) ("Assignments of error not set out in the appellant's brief, or in support of which no reason or argument is stated or authority cited, will be taken as abandoned."). This assignment of error is dismissed.

### V.  Conclusion

Plaintiffs had actual notice of alleged defects in their home "prior to the passing of the deed or the taking of possession . . . ." *Hartley*, 286 N.C. at 61, 209 S.E.2d at 782. The trial court properly granted defendant's motion for directed verdict on plaintiffs' breach of the implied warranty of habitability claim. *Id.* Plaintiffs have neither assigned error to nor argued that the trial court erred when it granted defendant's motion for a directed verdict on plaintiffs' breach of contract claim. That portion of the trial court's order is not before us and is also left undisturbed. The trial court's order is affirmed.

Affirmed.

Judges McCULLOUGH and CALABRIA concur.