ELMORE, Judge.
Petitioner Craig Franklin Smith appeals a superior court order affirming the North Carolina Board of Funeral Service's (the "Board") refusal to grant him a funeral director's license. In 2015, the Board refused to issue Smith a reciprocal funeral director's license under N.C. Gen. Stat. § 90-210.25(b)(1) because Vermont's licensing requirements were not "substantially similar" to North Carolina's ("2015 Decision"). Smith never appealed the 2015 Decision. In 2016, upon Smith's renewed request for a license, the Board determined it had already adjudicated Smith's ineligibility for reciprocal licensure and, therefore, upheld its 2015 Decision; the Board also refused to issue Smith a funeral director's license under N.C. Gen. Stat. § 90-210.25(a)(1) because he failed to submit proof he passed two examinations required for nonreciprocal licensure ("2016 Decision"). Smith petitioned the superior court to review the 2016 Decision, arguing the Board erred by upholding its 2015 Decision because the administrative procedure and merits underlying its 2015 Decision were improper. The superior court affirmed the 2016 Decision, and Smith appeals.
Because the only issues Smith preserved for appeal constitute impermissible collateral attacks on the 2015 Decision, and Smith's remaining arguments are precluded from substantive appellate review due to his failures to raise them before the superior court or sufficiently argue them on appeal, or are meritless, we affirm the superior court's order affirming the 2016 Decision.
I. Background
On 6 June 2008, the State of Vermont issued Smith a funeral director's license. In September 2008, Smith applied to the Board for a reciprocal license. In January 2009, the Board denied Smith's application because he failed to disclose certain criminal convictions but instructed him he may reapply in one year.
In early 2011, Smith reapplied to reciprocate his Vermont funeral director's license. After the Board preliminarily denied his application, Smith requested an administrative hearing. After that hearing, the Board on 13 July 2011 issued a final decision in which it concluded that Smith, at that time, possessed the good moral character necessary to be eligible for licensure but did not address the extent to which Smith's application satisfied any other requirements necessary for licensure.
In March 2015, Smith applied again with the Board to reciprocate his 2008 Vermont license. After the Board preliminarily denied his application, Smith requested another hearing. After that hearing, the Board on 14 October 2015 issued its 2015 Decision, in which it refused to issue Smith a license because he "fail[ed] to meet the requirements for a reciprocal funeral director license in North Carolina" under N.C. Gen. Stat. § 90-210.25(b)(1).
In its 2015 Decision, the Board found that "at the time of [Smith's] application to the Vermont Board of Funeral Service, ... [Vermont's funeral director] licensee requirements [were not] substantially similar to" North Carolina's. See N.C. Gen. Stat. § 90-210.25(b)(1) (2015)[1] (requiring in relevant part "the licensing requirements for the other jurisdiction are substantially similar to those of North Carolina"). Specifically, unlike North Carolina's licensing requirements, Vermont at that time licensed applicants without (1) "proof of graduation from an accredited ... mortuary school"; (2) "a passing score from the International Conference of Funeral Service Examining Boards (hereinafter 'ICFSEB')"; or (3) "proof of successful completion of [courses in sociology, pathology, funeral directing, and business law]." The Board further found that Smith had neither submitted proof he graduated from an accredited mortuary school, submitted passing scores on the ICFSEB examination, completed the above-listed courses, nor taken ICFSEB examinations on pathology and the funeral directing arts, as required for a nonreciprocal North Carolina funeral director's license. Smith never appealed the 2015 Decision.
Rather, on 21 June 2016, after graduating from an approved mortuary school and passing the ICFSEB's North Carolina-specific rules and law examination, Smith again requested the Board issue him a license. After Board staff instructed Smith he still needed to take and pass the ICFSEB examinations on pathology and the funeral directing arts before licensure, Smith requested another hearing. After that hearing, the Board on 22 November 2016 issued its 2016 Decision, again refusing to license Smith, but this time because he failed to satisfy N.C. Gen. Stat § 90-210.25(a)(1) 's nonreciprocal licensure requirements.
In its 2016 Decision, the Board found it "previously adjudicated through the 2015 Decision issues pertaining to [Smith's] licensure eligibility and application seeking to reciprocate [his] Vermont funeral directing license" and thus "uph[e]ld its 2015 Decision...." The Board further found that Smith neither "submitted a passing score for the Funeral Arts examination from the [ICFSEB]" nor "a passing score for the Pathology examination," which were both "requirement[s] for non-reciprocal licensure in North Carolina." Accordingly, the Board concluded, Smith "failed to comply with N.C. Gen. Stat § 90-210.25(a)(1) e.1., requiring [him] to take and pass the funeral director examination in the arts and the pathology examination prior to licensure[,]" and "[p]ursuant to N.C. Gen. Stat § 90-210.25(a)(1), the Board may not issue a funeral directing license to [Smith] until ... he has satisfied all of the requirements for a non-reciprocal funeral directing license in North Carolina."
On 21 December 2016, Smith petitioned the superior court for judicial review of the 2016 Decision. In his petition, Smith acknowledged he failed to appeal the 2015 Decision but argued the Board erred in its 2016 Decision by upholding the 2015 Decision because (1) "the 2015 administrative hearing was not conducted by a majority of the agency"; (2) Smith was allegedly advised at the 2015 hearing that the Board "considered graduation [from an accredited mortuary school] as the definition of substantially similar [as required for a reciprocal license]. However, in the 2015 Decision, [the Board] gave several additional criteria for establishing substantial similarity"; and (3) the Board "allowed [Smith] to take the examination [for licensure] prior to completing [his] educational requirements contrary to completing the required courses[,]" in alleged violation of 21 N.C.A.C. 34B.0202 ("Applicants are ineligible to take the examination before completing their educational requirements.").
After a hearing, the superior court entered an order on 17 July 2017 affirming the 2016 Decision. The superior court concluded in relevant part (1) "[t]here is nothing in the record to support a contention that the Board hearing was not conducted by a majority of the Board. Even if there were some evidence of this contention, [Smith] waived the issue by not objecting at the Board hearing"; (2) because Smith never appealed the Board's 2015 Decision, "its Findings of Fact and Conclusions of Law are binding[,]" but "[e]ven if the issue of whether the Board erred in its interpretation [of N.C. Gen. Stat. § 90-210.25(b)(1) ] was properly before this Court, the Board's ruling that the Vermont licensing scheme [was] not substantially similar to that of North Carolina is correct as a matter of law"; and (3) Smith's "third assignment of error is irrelevant and does not prejudice his substantial rights." Smith appeals the superior court's order.
II. Motion to Dismiss
After Smith's appeal was docketed, the Board moved under our Appellate Procedure Rules 25 and 34 to dismiss Smith's appeal for gross and substantial nonjurisdictional appellate rules violations. See N.C. R. App. P. 25(b) (authorizing this Court to impose sanctions when a party or attorney "substantially failed to comply with" our Appellate Procedure Rules); see also N.C. R. App. P. 34(a)(3) (authorizing sanctions when "a ... brief, record, or other paper filed in the appeal ... grossly violate[s] appellate court rules"). In its motion, the Board identifies sixteen nonjurisdictional appellate rules violations Smith committed in filing and settling the proposed appellate record, and contained in his appellate briefs. In his response to the Board's motion, Smith asserts the appellate record violations were corrected after this Court later allowed the Board's motion to file a substitute record. But Smith does not adequately address the other violations and, instead, relies on Dogwood Dev. & Mgmt. Co. v. White Oak Transp. Co. , 362 N.C. 191, 657 S.E.2d 361 (2008), to assert that "whether appellate Rules have been violated or not, ... dismissal should only be applied in the most drastic cases of non-jurisdictional rules violations."
Notwithstanding any appellate record rules violations, Smith's brief violates our Appellate Procedure Rules based on his failures to (1) complete and file an appeal information statement in violation of N.C. R. App. P. 41 ; (2) concisely state the procedural history of the case in violation of N.C. R. App. P. 28(b)(3) ; (3) state the grounds for appellate review in violation of N.C. R. App. P. 28(b)(4) ; (4) include a full and complete statement of the facts in violation of N.C. R. App. P. 28(b)(5) ; (5) state the applicable appellate review standards, or (6) provide coherent arguments, supported by sufficient references to and application of relevant legal authority, in violation of N.C. R. App. P. 28(b)(6) ; (7) include transcripts necessary to understand issues raised in his brief in violation of N.C. R. App. P. 28(d)(1) ; (8) reference relevant record and transcript pages in violation of N.C. R. App. P. 28(e) ; (9) include a certificate of compliance in violation of N.C. R. App. P. 28(j)(2) ; and (10) limit his reply brief to rebut concisely arguments advanced in the Board's appellee brief, not reiterate arguments raised in his principal brief, in violation of N.C. R. App. P. 28(h).
As Smith's numerous violations are nonjurisdictional, we must "first determine whether the noncompliance is substantial or gross under Rules 25 and 34. If ... so, ... then determine which, if any, sanction under Rule 34(b) should be imposed." Dogwood , 362 N.C. at 201, 657 S.E.2d at 367. In making this first determination, we "may consider, among other factors, whether and to what extent the noncompliance impairs the court's task of review and whether and to what extent review on the merits would frustrate the adversarial process. [We] may also consider the number of rules violated[.] ..." Id. at 200, 657 S.E.2d at 366-67.
Due to the quantity and nature of these rules violations, we conclude they were "substantial" or "gross," and thus turn to "which, if any, sanction under Rule 34(b) should be imposed." Id. at 201, 657 S.E.2d at 367. Rule 34(b) authorizes this Court to "impose one or more of the following sanctions: (1) dismissal of the appeal; (2) monetary damages including, but not limited to, a. single or double costs, b. damages occasioned by delay, c. reasonable expenses ... incurred because of the frivolous appeal ...; (3) any other sanction deemed just and proper." N.C. R. App. P. 34(b).
We conclude that Smith's rules violations were not so egregious as to warrant dismissing his appeal, see Dogwood , 362 N.C. at 200, 657 S.E.2d at 366 ("[O]nly in the most egregious instances of nonjurisdictional default will dismissal of the appeal be appropriate." (citation omitted) ), but warrant imposing lesser sanctions. In our discretion, we order Smith's appellate counsel to (1) pay double the printing costs of this appeal and (2) certify by affidavit to this Court that he has reviewed and will diligently comply with our Appellate Procedure Rules in any future appeals. See, e.g., Weeks v. Select Homes, Inc. , 193 N.C. App. 725, 730, 668 S.E.2d 638, 641 (2008) (ordering the appellant's counsel due to numerous nonjurisdictional rules violations to "review the Rules of Appellate Procedure and certify by affidavit to this Court that he will be more diligent and comply with the Rules of Appellate Procedure in any future appeals." (citations omitted) ). We now turn to the merits of the appeal.
III. Analysis
On appeal, Smith asserts the superior court erred by affirming the 2016 Decision because the Board (1) "instruct[ed] [Smith], who was applying for a reciprocal funeral director's license, that he could satisfy the substantial similarity statutory requirement by graduation from mortuary school, but then den[ied] [Smith] admission subsequent to his graduation because his state of admission, known previously to the Board, was not substantially similar[,]" in alleged violation of his constitutional due process rights; and (2) "deni[ed] [Smith's] application and requir[ed] he be treated as a new applicant necessitating a pathology exam," in alleged violation of his constitutional equal protection rights. However, because the record does not establish that Smith preserved this second issue raised for appellate review, we address only the first.
A. Review Standard
Our Administrative Procedure Act authorizes a party to petition the superior court for judicial review of a final agency decision. N.C. Gen. Stat. § 150B-43 (2015). Section 150B-51 governs the scope and standard of judicial review:
(b) The court reviewing a final decision may affirm the decision or remand the case for further proceedings. It may also reverse or modify the decision if the substantial rights of the petitioners may have been prejudiced because the findings, inferences, conclusions, or decisions are:
(1) In violation of constitutional provisions;
(2) In excess of the statutory authority or jurisdiction of the agency or administrative law judge;
(3) Made upon unlawful procedure;
(4) Affected by other error of law;
(5) Unsupported by substantial evidence admissible under G.S. 150B-29(a), 150B-30, or 150B-31 in view of the entire record as submitted; or
(6) Arbitrary, capricious, or an abuse of discretion.
(c) In reviewing a final decision in a contested case, the court shall determine whether the petitioner is entitled to the relief sought in the petition based upon its review of the final decision and the official record. With regard to asserted errors pursuant to subdivisions (1) through (4) of subsection (b) of this section, the court shall conduct its review of the final decision using the de novo standard of review. With regard to asserted errors pursuant to subdivisions (5) and (6) of subsection (b) of this section, the court shall conduct its review of the final decision using the whole record standard of review.
N.C. Gen. Stat. § 150B-51(b), - (c) (2015).
This Court reviews a superior court's order reviewing a final agency decision only "for error of law" by "(1) determining whether the [superior] court exercised the appropriate scope of review and, if appropriate, (2) deciding whether the court did so properly." ACT-UP Triangle v. Comm'n for Health Servs. , 345 N.C. 699, 706, 483 S.E.2d 388, 392 (1997) (quoting Amanini v. N.C. Dep't of Human Res. , 114 N.C. App. 668, 675, 443 S.E.2d 114, 118-19 (1994) ).
B. Discussion
Under N.C. Gen. Stat. § 150B-46 (2015), a petition for superior court review of an agency decision "shall explicitly state what exceptions are taken to the decision or procedure and what relief the petitioner seeks." In Smith's petition, he alleged "[t]he Board erred in the Final Decision issued on November 22, 2016 upholding Respondent's 2015 Decision which adjudicated and resolved any issues with respect to Petitioner's 2011 Application seeking to reciprocate Petitioner's funeral directing license issued by Vermont" based upon the following three grounds:
[ (1) ] ... [T]he 2015 administrative hearing was not conducted by a majority of the agency[ ] ... [;]
[ (2) ] ... Hearing testimony by [the] Board and the record will reflect that Respondent had considered graduation as the definition of substantially similar. However, in the 2015 Decision, Respondent gave several additional criteria for establishing substantial similarity. ... [; and]
[ (3) ] ... Under 21 NCAC 34B .0202, applicants are ineligible to take the examination before completing their educational requirements. However [Smith] was allowed to take the examination prior to completing [his] educational requirements....
Smith requested the following relevant relief:
1. Reverse the Final Decision issued on November 22, 2016 which upheld Respondent's 2015 Decision and which, among other things, adjudicated and resolved any issues with respect to Petitioner's 2011 Application; [and]
2. Find that Petitioner has met the requirements for a reciprocal license[.]
As Smith has failed to argue on appeal the first or third issue raised in his petition, those issues are abandoned, N.C. R. App. P. 28(b)(6), and require no discussion. As to the second issue, the superior court determined:
3. [Smith] did not timely appeal the 2015 ... [Decision]. Therefore, its Findings of Fact and Conclusions of Law are binding. Even if the issue of whether the Board erred in its interpretation was properly before this Court, the Board's ruling that the Vermont licensing scheme [was] not substantially similar to that of North Carolina is correct as a matter of law.
"[A] valid determination made by an administrative agency in its judicial or quasi-judicial capacity is not subject to collateral attack." State ex rel. Utils. Comm'n v. Carolina Coach Co. , 260 N.C. 43, 51, 132 S.E.2d 249, 255 (1963) (citation omitted). "A collateral attack is one in which a party is not entitled to the relief requested 'unless the judgment in another action is adjudicated invalid.' " In re Webber , 201 N.C. App. 212, 219, 689 S.E.2d 468, 474 (2009) (quoting Clayton v. N.C. State Bar , 168 N.C. App. 717, 719, 608 S.E.2d 821, 822 (2005) ).
Here, as Smith never appealed the 2015 Decision and would not be entitled to the relief sought without invalidating that decision, the superior court properly determined this issue was unreviewable. Although the superior court need not have addressed the merits, it correctly determined the Board's interpretation of section 90-210.25(b)(1) was not properly before it, since the Board in its 2016 Decision applied only section 90-210.25(a)(1) in refusing to license Smith, and Smith's failure to appeal the 2015 Decision rendered any challenge to the procedure or merits underlying that decision an impermissible collateral attack. State v. Blackwell , 246 N.C. 642, 644, 99 S.E.2d 867, 869 (1957) ("[A] correct decision of a lower court will not be disturbed because a ... superfluous reason is assigned." (citation omitted) ).
After reviewing Smith's remaining arguments on appeal, we conclude they are either precluded from substantive review based upon his failure to raise them below or to sufficiently argue them on appeal, or are meritless and unworthy of discussion.
IV. Conclusion
Because Smith failed to raise any issue in his petition for superior court review supporting grounds for reversing, remanding, or modifying the 2016 Decision, and because the only preserved issues Smith raises on appeal constitute impermissible attacks on the administrative procedure or merits underlying the 2015 Decision, we affirm the superior court's order affirming the 2016 Decision. Additionally, based on Smith's multiple substantial nonjurisdictional appellate procedure rules violations, in our discretion we order Smith's appellate counsel to (1) pay double the printing costs of this appeal and (2) certify by affidavit to this Court that he has reviewed and will diligently comply with our Appellate Procedure Rules in any future appeals.
AFFIRMED.
Report per Rule 30(e).
Judges HUNTER, JR. and ZACHARY concur.

Effective 1 October 2018, the challenged "substantial similarity" phrase will be omitted from N.C. Gen. Stat. § 90-210.25(b)(1), which as amended will instead require an applicant to prove, inter alia , he or she "holds an active, valid license in good standing as a funeral director[ ] ... issued by a jurisdiction that will reciprocate a North Carolina license to practice as a funeral director" and "[t]he license, at the time it was issued by the other jurisdiction, must have had equal or greater education, training, and examination requirements ." (Emphasis added.) Act of June 15, 2018, ch. 78, sec. 1, 2018 N.C. Sess. Laws ----, ---- (entitled "An Act Amending the Laws Pertaining to the Practice of Funeral Service").